## DONALD G. BLORE v. JAMES MOSSEY.

249 N. W. 2d 447.

December 17, 1976—No. 46477.

*David K. Hackley*, for appellant.

*Warren Spannaus*, Attorney General, *Richard G. Mark*, Assistant Attorney General, *Kent G. Harbison*, Special Assistant Attorney General, and *David J. Kennedy*, Crystal City Attorney, for respondent.

Considered and decided by the court without oral argument.

MacLaughlin, Justice.

This is an appeal from a judgment of the Hennepin County Municipal Court refusing to grant plaintiff a permit to carry a handgun under Minnesota's recently enacted gun control statute, Minn. St. 624.711 et seq. Plaintiff applied to defendant, chief of police of Crystal, for the permit, and in his application stated that he had no occupational or personal safety hazard requiring the permit. Such a hazard is a requirement for a permit under Minn. St. 624.714(5)(c).[1] Plaintiff also stated that "[t]his application is to make lawful provision in advance for any unforeseen safety hazard which would arise in the future. It is not my intent to go about armed daily." On the basis of this application the permit was denied. In this appeal plaintiff observes that under Minn. St. 624.714, subd. 9, a permit to carry a gun is not necessary for certain activities, such as carrying a gun between his home and his place of business.[2] Plaintiff argues that be-

---

[1] Minn. St. 624.714, subd. 5, provides: "No permit to carry shall be granted to a person unless the applicant:

"(a) Is not a person prohibited by section 624.713 from possessing a pistol;

"(b) Provides a firearms safety certificate recognized by the department of natural resources, evidence of successful completion of a test of ability to use a firearm supervised by the chief of police or sheriff or other satisfactory proof of ability to use a pistol safely; and

"(c) Has an occupation or personal safety hazard requiring a permit to carry."

[2] Minn. St. 624.714, subd. 9, reads as follows: "A permit to carry is not required of a person:

"(a) To keep or carry about his place of business, dwelling house, premises or on land possessed by him a pistol;

"(b) To carry a pistol from a place of purchase to his dwelling house or place of business, or from his dwelling house or place of business to or from a place where repairing is done, to have the pistol repaired;

"(c) To carry a pistol between his dwelling house and his place of business;

"(d) To carry a pistol in the woods or fields or upon the waters of

cause of this exception to the permit requirement, a police officer would have no way of knowing whether a person is carrying on activities permitted by subd. 9 or carrying a gun illegally. Therefore, a person carrying on subd. 9 activities is subject to lawful arrest. This dilemma can be resolved, argues plaintiff, by reading the "personal safety hazard" requirement of Minn. St. 624.714, subd. 5(c), to include the hazard of arrest. Plaintiff would then be entitled to a limited permit, good only for subd. 9 activities, to protect him from arrest.

We decline to adopt this tortured construction of the statute. Had the legislature intended to allow issuance of such permits it could have provided for them by simple, explicit language. The obvious intent of subd. 5(c) is to restrict the class of persons entitled to permits. We need not now decide precisely what situations are encompassed by the language "personal safety hazard" contained in subd. 5(c); we only hold that the possibility of arrest is not one of them.

Affirmed.

---

this state for the purpose of hunting other than protected wild animals or of target shooting in a safe area; or

"(e)  To transport a pistol in a motor vehicle, snowmobile or boat if the pistol is unloaded, contained in a closed and fastened case, gunbox, or securely tied package. If a motor vehicle, snowmobile or boat does not have an enclosed area, a pistol may be carried in the driver or passenger area as long as the pistol is unloaded and contained in a closed and fastened case, gunbox, or securely tied package. A utility compartment or glove compartment shall be deemed to be within the area occupied by the driver and passengers."