STATE of Minnesota, Respondent,

v.

Robert FOLSTROM, Appellant.

No. C7–82–663.

Supreme Court of Minnesota.

March 11, 1983.

Tupper, Smith, Mattson & Finn and Harold R. Finn, Walker, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, James R. Wilson, County Atty., Bagley, for respondent.

Hubert H. Humphrey III, Atty. Gen., Richard B. Allyn, Deputy Atty. Gen., James M. Schoessler and Stephen B. Masten, Sp. Asst. Attys. Gen., St. Paul, for amicus Minnesota Atty. Gen.

TODD, Justice.

Robert Folstrom, a Chippewa Indian, was convicted of possession of a pistol without a permit in violation of Minn.Stat. § 624.714 (1982), a Minnesota criminal statute. At the time of the arrest, Folstrom was on Indian trust property adjacent to reservation property. Folstrom claims he was using the pistol for deer hunting. He further claims that the State of Minnesota has no subject matter jurisdiction under the facts of this case. We affirm.

The facts are stipulated and provide as follows:

1. Robert Folstrom, the Defendant, is an enrolled member of the White Earth Band of Chippewa Indians of the Minnesota Chippewa Tribe.

2. The Defendant was arrested for possessing a pistol without a permit from the State of Minnesota.

3. The Defendant did, in fact, possess a pistol and did not have a permit required by the State of Minnesota at the time the offense was charged.

4. At the time of the arrest, Defendant indicated to the arresting officer, Deputy Sheriff Marcell Goodwin, that he was carrying the pistol for the purpose of hunting deer if he should encounter any on his way to and from work.

5. The site of the arrest and the incident involved was on a roadway and within the easement of a roadway held in trust by the United States of America for the Minnesota Chippewa Tribe and maintained by the Bureau of Indian Affairs on behalf of the Minnesota Chippewa Tribe.

6. The Indian trust property involved in this incident lies within the four disputed townships which was the subject of decision by the Eighth Circuit Court of Appeals in the case of *White Earth Band of Chippewa Indians, et al. v. Alexander, et al.,* Slip Opinion filed May 14, 1982, Circuit Judge McMillian writing for the Court. [683 F.2d 1129 (8th Cir.1982)].

7. The activity involved in this matter occurred a short distance outside the boundaries of the territory covered by the decision *State v. Clark,* 282 N.W.2d 902 (Minn.1979). It involves a road and right-of-way held in trust by the Bureau of Indian Affairs for the Minnesota Chippewa Tribe running from the area covered by *Clark* to another parcel of Tribal trust property lying within the four disputed townships.

8. The State of Minnesota does not have any direct evidence to contradict the Defendant's assertion that he was carrying the pistol for the purpose of hunting deer at the time of his arrest.

9. A White Earth Conservation Officer would testify that there was no open season for deer within the White Earth Reservation on November 28, 1979, the date of Defendant's alleged offense.

10. The White Earth Bank Conservation Officer would further testify that in 1979 it was an offense under the Conservation Code of the Tribe to take a deer with a pistol in the Reservation even during an open season.

11. A State Conservation Officer would testify that there was no open season for taking deer in the State of Minnesota on November 28, 1979 and that it was illegal to take a deer with a pistol even in an open season.

12. The arresting officer, Marcell Goodwin, would testify that he found no guns and no cutting instruments in the automobile or upon the occupants thereof, including Defendant, except the pistol, which was found under the front seat of the vehicle.

Based on these facts, the trial court found Folstrom guilty of illegal possession of a pistol. The trial court held that Minnesota had jurisdiction to enforce its criminal code. The trial court further made a factual determination that Folstrom was not engaged in deer hunting at the time of his arrest. We affirm.

The issues presented are:

1. Does Minnesota's criminal statute apply under the facts of this case?

2. Was the defendant Folstrom engaged in the act of deer hunting at the time of his arrest?

1. Folstrom was arrested for possessing a pistol without a permit under the provisions of Minn.Stat. § 624.714, subd. 1 (1982), which provides in part:

**624.714 Carrying of weapons without permit; penalties.**

Subdivision 1. **Penalty.** A person, other than a law enforcement officer who has authority to make arrests other than citizens arrests, who carries, holds or possesses a pistol in a motor vehicle, snowmobile or boat, or on or about his clothes or

person, or otherwise in his possession or control in a public place or public area without first having obtained a permit to carry the pistol is guilty of a gross misdemeanor.

Folstrom argues that his conviction is invalid because the statute under which he was convicted is not a criminal statute. He claims that it is a civil or regulatory statute, similar to a statute requiring a permit to hunt or fish. State civil regulatory statutes, appellant contends, cannot be enforced in Indian country, following *Bryan v. Itasca County, Minnesota,* 426 U.S. 373, 96 S.Ct. 2102, 48 L.Ed.2d 710 (1976). He argues that the district court, therefore, had no jurisdiction to decide this case.

■ We decline to accept the argument of the defendant. The statute in question is part of the Criminal Code of 1963, Part V, entitled "Crimes, Criminals"; the title of Chapter 624 is "Crimes, other provisions." The act for which the defendant was arrested is defined as a gross misdemeanor, which is punishable by imprisonment for not more than one year or a fine of not more than $1,000, or both. Minn.Stat. § 609.03(2) (1982). The permit requirement does not convert the statute into a civil licensing statute. This court recognized that the purpose of Minn.Stat. § 624.714, subd. 1 (1982), is to prohibit criminal behavior when it stated in *State v. Paige,* 256 N.W.2d 298, 303 (Minn.1977):

> [T]he statute is intended to prevent the possession of firearms in places where they are most likely to cause harm in the wrong hands, i.e., in public places where their discharge may injure or kill intended or unintended victims. The only exception to this rule is for persons who have demonstrated a need or purpose for carrying firearms and have shown their responsibility to the police in obtaining a permit. The statute is therefore properly characterized as a "general prohibition":

Anyone having a firearm in a public place may be prosecuted if he has no permit. "Without a permit" is not an element of the crime, but only indicates that some persons *cannot* commit the offense by reason of having a valid permit.

■ In *Blore v. Mossey,* 311 Minn. 288, 290, 249 N.W.2d 447, 448 (1976), this court noted that the permit requirement operates "to restrict the class of persons" who are allowed to carry pistols. The state can reasonably restrict the class. This court so held in *In re Atkinson,* 291 N.W.2d 396, 399 (Minn.1980), where the restriction is "in the interest of public safety."

The defendant invites us to adopt the criteria established by the federal court in the case of *Seminole Tribe of Florida v. Butterworth,* 658 F.2d 310, (5th Cir.1981). In that case the court classified statutes by determining whether they were "civil/regulatory" or "criminal/prohibitory". We decline to adopt this approach.[1] Rather, we prefer a direct approach. Minn.Stat. § 624.714 (1982), is part of our criminal code. It defines possession of a pistol without a permit as a crime and provides criminal punishment. It is a criminal statute.

■ This classification is of importance since Congress has granted Minnesota the power to enforce its criminal statutes in Indian country. 18 U.S.C. § 1151 (1976), provides that "Indian country" means * * * "(c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same." The road on which appellant was arrested was part of trust land, Indian title to which had not been extinguished. By federal statute, the road is part of Indian country.

Ordinarily, state law does not apply to offenses committed by Indians in Indian country. 18 U.S.C. § 1152 (1976). But Congress has provided[2] that states can ex-

---

**1.** We do note that under the *Butterworth* test this particular statute should be classified as criminal/prohibitory.

**2.** Act of Aug. 15, 1953, Pub.L. No. 280, § 2, 67 Stat. 588, 588–89 (1953) (codified as amended

at 18 U.S.C. § 1162 (1976)). *See Bryan v. Itasca County, Minnesota,* 426 U.S. 373, 383, 96

234

tend their criminal jurisdiction over offenses committed by or against Indians in certain areas.

18 U.S.C. § 1162 (1976), provides:

**§ 1162  State jurisdiction over offenses committed by or against Indians in the Indian country**

(a) Each of the States or Territories listed in the following table shall have jurisdiction over offenses committed by or against Indians in the areas of Indian country listed opposite the name of the State or Territory to the same extent that such State or Territory has jurisdiction over offenses committed elsewhere within the State or Territory, and the criminal laws of such State or Territory shall have the same force and effect within such Indian country as they have elsewhere within the State or Territory:

| State or Territory of | Indian country affected |
|---|---|
| ... | ... |
| Minnesota ................. | All Indian country within the State, except the Red Lake Reservation. |
| | ... |

Thus, we conclude that Minnesota had jurisdiction to arrest, prosecute and convict the defendant Folstrom.

2. Folstrom further contends that a treaty conferred hunting rights upon him at the place of his arrest. The trial court made a factual determination that he was not hunting. This finding of fact is not clearly erroneous. Minn.R.Civ.P. 52.01. Having concluded that Folstrom was not in fact hunting deer at the time of his arrest, we need not discuss what hunting rights he possessed at the time of his arrest.[3]

The arrest, prosecution and conviction of the defendant Folstrom violated none of his

rights as a member of White Earth Band of Chippewa Indians of the Minnesota Chippewa Tribe.

Affirmed.

---

S.Ct. 2102, 48 L.Ed.2d 710 (1976) (legislative history of Pub.L. No. 280 indicates legislative intent to supplement inadequate law enforcement resources in Indian country by extending state jurisdiction).

3. The defendant has cited a recent Wisconsin decision, *State v. Lemieux,* 110 Wis.2d 158, 327

N.W.2d 669 (1983). In that case, the Wisconsin court held that the particular statute involved was primarily a hunting regulation and its enforcement would infringe upon the hunting rights of the defendant. Thus, the Wisconsin case is distinguishable and inapplicable to the facts of this case.