**STATE of Minnesota, Respondent,**

v.

**Dennis ST. CLAIR, Appellant.**

**No. C4–96–1554.**

Court of Appeals of Minnesota.

March 18, 1997.

Paul A. Kief, Bemidji, for Appellant.

Hubert H. Humphrey III, Minnesota Attorney General, Todd P. Zettler, Assistant Attorney General, St. Paul, Kip O. Fontaine, Clearwater County Attorney, Bagley, for Respondent.

Considered and decided by KLAPHAKE, P.J., and WILLIS and DANIEL F. FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge.[*]

Appellant challenges district court exercise of jurisdiction over him personally and over his charge of criminal possession of marijuana. We affirm.

## FACTS

Appellant Dennis St. Clair is an enrolled member of the Mississippi band of Chippewa Indians and lives on the White Earth reservation in Clearwater County. On April 4, 1996, pursuant to a search warrant issued by a Clearwater County district court, a Clearwater deputy sheriff searched St. Clair and his home and found him in possession of approximately seven ounces of marijuana in violation of Minn.Stat. § 152.025, subds. 2(1) and 3(a) (1996). The sheriff arrested St. Clair and he was charged with a controlled substance crime in the fifth degree.

On November 5, 1995, St. Clair moved the district court to dismiss the charge against him on the ground that the court lacked subject matter jurisdiction over the case and personal jurisdiction over St. Clair under the United States–Mississippi Band of Chippewa Indians Treaty of 1867. The motion was denied on the ground that the state had jurisdiction over St. Clair personally and over the charge against him under 18 U.S.C. § 1162 (1996).

The district court found St. Clair guilty of a controlled substance crime in the fifth degree. The court stayed imposition of St. Clair's sentence, placed him on five years' probation, and ordered him to serve 30 days

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

in jail. On appeal, St. Clair argues that the district court lacked jurisdiction over the subject matter of his charge and over him personally.

## ISSUES

1. Did the district court err in concluding that it had subject matter jurisdiction over St. Clair's charge of a controlled substance crime in the fifth degree?

2. Did the district court err in concluding that it had personal jurisdiction over St. Clair?

## ANALYSIS

■ Where the parties do not dispute the material facts, a reviewing court need not defer to the district court's application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Here, St. Clair presents questions of law only. Accordingly, we review the district court's decision de novo.

### I.

■ St. Clair first argues that the state lacks jurisdiction over his conduct on the reservation. "Ordinarily, state law does not apply to offenses committed by Indians in Indian country." *State v. Folstrom*, 331 N.W.2d 231, 233 (Minn.1983) (citing 18 U.S.C. § 1152 (1976)). Under 18 U.S.C. § 1162(a) (1996) (Public Law 280), however, Congress granted the state of Minnesota jurisdiction over criminal offenses committed by Indians in all Indian country except the Red Lake Reservation. *See Folstrom*, 331 N.W.2d at 233 (holding that Public Law 280 grants jurisdiction for state to arrest and prosecute enrolled Indian for violation of state criminal law in Indian country). The term "Indian country" encompasses all Indian reservations. 18 U.S.C. § 1151 (1996).

■ Here, the parties do not dispute that St. Clair is an enrolled member of the Mississippi band of Chippewa Indians or that the Clearwater sheriff found St. Clair with approximately seven ounces of marijuana at his home on the White Earth Indian reservation. Possession of more than approximately one and one-half ounces of marijuana constitutes a criminal offense under Minnesota law. *See* Minn.Stat. §§ 152.025, subd. 2(1) (defining controlled substance crime in the fifth degree), and 152.01, subd. 16 (1996) (defining "small amount" as 42.5 grams (approximately 1.5 ounces) or less). St. Clair does not dispute that he violated the terms of section 152.025. Because Congress granted the state jurisdiction over all criminal offenses committed in Indian country and St. Clair committed a criminal offense in Indian country, the district court did not err in concluding that it had subject matter jurisdiction over St. Clair's charge of a controlled substance crime in the fifth degree.

■ St. Clair argues that the district court could not properly base its jurisdiction on Public Law 280 because Public Law 280 is invalid. St. Clair asserts that by enacting Public Law 280, Congress unilaterally attempted to abrogate a portion of the Treaty of 1867 concluded between the United States and the Chippewa Indians of the Mississippi. Treaty between the United States of America and the Chippewa Indians of the Mississippi, Mar. 19, 1867. According to St. Clair, Congress lacked the power unilaterally to abrogate the Treaty with Public Law 280, and Public Law 280 is therefore invalid.

The United States Supreme Court established long ago, however, that Congress has the power unilaterally to abrogate terms of an Indian treaty. *See Lone Wolf v. Hitchcock*, 187 U.S. 553, 566, 23 S.Ct. 216, 221, 47 L.Ed. 299 (1903) ("When * * * treaties were entered into between the United States and a tribe of Indians it was never doubted that the *power* to abrogate existed in Congress.") (emphasis in original); *see also South Dakota v. Bourland*, 508 U.S. 679, 685–87, 113 S.Ct. 2309, 2315, 124 L.Ed.2d 606 (1993) (noting Congressional power to abrogate Indians' treaty rights). Because Congress has the power unilaterally to abrogate treaties with Indians, St. Clair's argument that Congress lacked the power unilaterally to abrogate the Treaty through Public Law 280 fails.

■ St. Clair also argues that the Treaty provisions protecting and encouraging Indians' "agricultural pursuits" protect St. Clair from prosecution for criminal possession of a

controlled substance. Although, as St. Clair correctly states, courts must interpret treaties with Indians as the Indians would have understood the treaties at the time of their signing, *Choctaw Nation v. Oklahoma*, 397 U.S. 620, 631, 90 S.Ct. 1328, 1334, 25 L.Ed.2d 615 (1970), St. Clair has failed to show, or even allege, that any Indians at the time of the Treaty's signing understood the term agriculture as used in the Treaty to include the possession of marijuana. Moreover, even if the Treaty's protections encompassed St. Clair's possession of marijuana, they would conflict with Minnesota law prohibiting such possession and, to the extent of the conflict, would be abrogated through Public Law 280.

## II.

St. Clair further contends that the district court lacked personal jurisdiction over him because he was not arrested pursuant to the arrest provisions contained in the Treaty. The portion of the Treaty cited by St. Clair provides that a sheriff may arrest an Indian who has committed a crime "upon the demand of the [federal] agent." St. Clair asserts that because the sheriff in this case admittedly made no such demand, the district court cannot have jurisdiction over him personally.

This is an issue of first impression in Minnesota. Public Law 280 provides, however, that "the criminal laws of [Minnesota] shall have the same force and effect within such Indian country as they have elsewhere within [Minnesota]." 18 U.S.C. § 1162(a). The criminal laws of Minnesota require only that a sheriff have a warrant in order to make a valid arrest. Minn.Stat. § 629.30, subd. 2(1) (1996). The Treaty provisions imposing requirements beyond the state requirements conflict with state law insofar as they render invalid under the Treaty arrests otherwise valid under state law, such as arrests made pursuant to warrants. Because the Treaty's arrest provisions conflict with state law applicable through Public Law 280, Public Law 280 has abrogated the arrest provisions relied upon by St. Clair. Accordingly, the district court properly concluded that it did not lack personal jurisdiction over St. Clair.

We note in passing that requiring adherence to the Treaty's arrest procedure would not serve the purpose of that procedure here. The parties to the Treaty adopted the arrest provision

> for the purpose of protecting and encouraging the Indians * * * in their efforts to become self-sustaining by means of agriculture, and the adoption of the habits of civilized life * * *.

Treaty at art. 8. St. Clair does not claim that his possession of marijuana represented a step in the direction of self-sustenance or adoption of the habits of civilized life. In addition, and more importantly, the Treaty contained the arrest provision in order to permit the state to gain jurisdiction over persons on reservation land. Because Public Law 280 has provided personal jurisdiction in criminal cases as a matter of course, the Treaty arrest provision is no longer necessary for the proper exercise of jurisdiction here.

### DECISION

Because Public Law 280 abrogates inconsistent provisions of the United States–Mississippi Band of Chippewa Indians Treaty of 1867 and grants Minnesota state courts personal and subject matter jurisdiction over St. Clair and his conduct on the White Earth reservation, the district court properly exercised jurisdiction over St. Clair personally and over his charge.

**Affirmed.**