STATE of Minnesota, Respondent,

v.

R.M. H., Appellant.

No. C0–99–559.

Court of Appeals of Minnesota.

Nov. 16, 1999.

Review Granted Jan. 18, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Joseph Evans, Becker County Attorney, Michael D. Fritz, Assistant County Attorney, Detroit Lakes, MN (for respondent).

Amber Ahola, Anishinabe Legal Services, Cass Lake, MN (for appellant).

Considered and decided by SCHUMACHER, Presiding Judge, KALITOWSKI, Judge, and FORSBERG, Judge.*

## OPINION

SCHUMACHER, Judge.

R.M.H. appeals his conviction on stipulated facts for speeding and driving without a license on an Indian reservation, contending that the state lacked subject matter jurisdiction to prosecute him. We reverse.

## FACTS

R.M.H., a fifteen-year-old, was cited for speeding and driving without a license on the White Earth Reservation. The parties stipulated to the following relevant facts: R.M.H. was driving without a license within the boundaries of the White Earth Reservation, going 64 miles per hour in a 50–mile–per–hour zone. R.M.H is not enrolled in the Minnesota Chippewa Tribe, White Earth Band, but is enrolled in the Forest County Potawatomi Community in Crandon, Wisconsin.

## ISSUE

Does the state have subject matter jurisdiction to enforce traffic regulations against an enrolled member of one Indian tribe who commits traffic violations on the reservation of a different tribe?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

■ Because the parties do not dispute the material facts, and focus only on an issue of law, we exercise de novo review. *State v. St. Clair*, 560 N.W.2d 732, 734 (Minn.App.1997). Statutes passed for the benefit of Indians must be liberally construed, with any doubt resolved in the Indians' favor. *Topash v. Commissioner of Revenue*, 291 N.W.2d 679, 682 (Minn. 1980).

■ Our supreme court has recognized the general rule that "state law is not applicable to Indians within Indian Country without the consent of Congress." *State v. Robinson*, 572 N.W.2d 720, 722 (Minn.1997) (footnote omitted). "Indian Country" is defined as all land within the limits of Indian reservations under the federal government's jurisdiction; this definition applies to questions of both criminal and civil jurisdiction. *Id.* at 722, n. 5.

Congress has, in fact, consented to allow Minnesota jurisdiction to enforce its laws in Indian country, under certain circumstances:

> In Public Law 280, Congress granted Minnesota broad criminal and limited civil jurisdiction over all Indian country within the state, with the exception of Red Lake Reservation. Section 2(a) of the Act provided Minnesota "jurisdiction over offenses committed by or against Indians * * * and the criminal laws of [the] State * * * shall have the same force and effect within such Indian country." * * * Section 4(a) grants Minnesota jurisdiction over private civil litigation involving reservation Indians and arising out of Indian country. However, this section does not grant the state general civil regulatory authority.
>
> In order for a state law to be fully applicable to a reservation under the authority of Public Law 280, it must be a criminal law.

*State v. Stone*, 572 N.W.2d 725, 728–29 (Minn.1997) (footnotes and citations omitted). In *Stone*, the Minnesota Supreme Court held that, under the analysis required by *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987), Minnesota's laws prohibiting speeding and driving without a license are not criminal/prohibitory statutes, but are instead civil/regulatory statutes that the state lacks "jurisdiction under Public Law 280 to enforce * * * against members of the White Earth Band of Chippewa for conduct occurring within the boundaries of their reservation." *Stone*, 572 N.W.2d at 731 (footnote omitted).

In this case, however, the state argued and the court decided that because the defendant was not a member of the tribe of the reservation on which he was cited, *Stone* did not control. That decision was incorrect. As explained above, the limits of Minnesota's jurisdiction over offenses committed in Indian country are defined by Public Law 280. That statute does not differentiate by tribe or reservation. Instead, it provides that Minnesota "shall have jurisdiction over offenses committed by or against Indians in * * * Indian country * * * ." 18 U.S.C.A. § 1162 (1984). Because R.M.H. is an enrolled member of a federally recognized tribe, there is no dispute that he is an "Indian" for the purpose of this statute; nor is there any dispute that the White Earth Reservation is part of "Indian country." As a result, if the traffic offenses with which R.M.H. was charged were criminal offenses, the state would have jurisdiction to prosecute him for them. Because they are not criminal/prohibitory offenses, however, the state lacks jurisdiction.

The Minnesota Supreme Court has recognized, in a different context, that Public Law 280 makes no distinctions among Indians of various tribes. In *Topash* the court observed that

> Pub.L. 280 * * * refer[s] to "Indians" without distinguishing between tribes. The broad general policy is to protect Indians, of whatever tribe, from state government interference.

291 N.W.2d at 682 (footnotes and citations omitted). The supreme court held that the state could not tax income earned within an Indian reservation by an enrolled member of a different tribe:

> federal Indian jurisdiction includes Indians of all tribes and thus preempts state taxing power within the Red Lake Reservation with regard to an enrolled member of another tribe.

*Id.* at 683.

In just the same way that it was irrelevant in *Topash* that the taxpayer was not a member of the Red Lake Band, it is irrelevant here that R.M.H. is not a member of the White Earth Band. The prerequisites for state jurisdiction over offenses on Indian country are set by federal law. *Stone*, 572 N.W.2d at 728. Those prerequisites are not met in this case because R.M.H's offenses, although committed in Indian country by an enrolled member of an Indian tribe, were not criminal/prohibitory offenses. For that reason, the state lacked subject matter jurisdiction to convict R.M.H.

### DECISION

The district court erred in concluding the state had subject matter jurisdiction over R.M.H.'s traffic offense.

**Reversed.**