STATE of Minnesota, Respondent,

v.

**Arvid R. DULAK, Appellant.**

No. C7–82–1604.

Supreme Court of Minnesota.

May 18, 1984.

---

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin County Atty., Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. Stat. § 609.245 (1982), for his role in the April 13, 1982, armed robbery of the Jam Dairy Store at 25th and Chicago in Minneapolis. The trial court sentenced defendant to 54 months in prison, pursuant to Minn. Stat. § 609.11 (1982) and Minnesota Sentencing Guidelines and Commentary, II.E. (1982). On this appeal from judgment of conviction defendant contends (1) that his conviction should be reversed outright because (a) Minnesota courts do not have jurisdiction over him because he is an Indian and (b) the evidence that he committed the offense or that he had the requisite intent was legally insufficient, or (2) that he should be given a new trial because (a) the trial court erred in denying his challenge of certain jurors for cause and (b) the trial court erred in admitting eyewitness identification evidence and real evidence connecting defendant to the crime. We affirm.

1. Defendant's contention that his conviction should be reversed outright is based on two separate arguments: (a) that the Minnesota courts do not have jurisdiction over him because he is an Indian and (b) that the state failed to prove that he committed the offense or that he had the requisite intent.

(a) The first of these arguments is answered by our decisions in *State v. Folstrom*, 331 N.W.2d 231 (Minn.1983), and *State v. Rossbach*, 288 N.W.2d 714 (Minn. 1980), both of which upheld criminal prosecutions of Indians challenged on similar grounds.

(b) The argument that the state failed to prove defendant guilty is also meritless. Evidence establishing that defendant committed the robbery included positive eyewitness identification testimony made by the clerk who was robbed; pictures taken by a hidden camera in the store; fingerprint evidence connecting defendant to a beer bottle found where the getaway car was parked when the robbery

was being committed; evidence that when the getaway car was located later that evening defendant was in it; and evidence connecting defendant to a revolver, found in the car, that apparently was the weapon used in the robbery. The evidence that defendant was intoxicated was not such as to compel the conclusion that defendant was unable to formulate a specific intent. Minn.Stat. § 609.075 (1982).

2. Defendant's alternative contention is that he should be given a new trial because the trial court erred (a) in rejecting challenges for cause of certain jurors with prior jury service and (b) in admitting eyewitness identification evidence and the beer bottle on which defendant's fingerprint was found.

■ (a) As we stated in *State v. Stufflebean,* 329 N.W.2d 314, 317 (Minn.1983), "In an appeal based on juror bias, an appellant must show that the challenged juror was subject to challenge for cause, that actual prejudice resulted from the failure to dismiss, and that appropriate objection was made by appellant." In this case defendant challenged certain jurors for cause on the grounds that during the same term of jury service they had previously served on a jury trying a different criminal defendant in an unrelated matter. However, defendant has failed to show on appeal that any of the specific grounds for cause provided by Minn.R.Crim.P. 26.02, subd. 5, was present or that he was prejudiced by the trial court's failure to allow any of the challenges.

■ (b) Defendant's arguments that the trial court erred in admitting the eyewitness identification testimony and the beer bottle are also without merit. The trial court properly concluded that the identification procedures did not create a very substantial likelihood of irreparable misidentification. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Accordingly, the trial court was justified in denying the motion to suppress the eyewitness identification testimony. The trial court

has considerable discretion under Minn.R. Evid. 901(a) in deciding whether evidence has been adequately authenticated or identified, and the court did not abuse that discretion in admitting the beer bottle containing defendant's fingerprints. *State v. Williams,* 337 N.W.2d 689 (Minn.1983); *State v. Hager,* 325 N.W.2d 43 (Minn.1982).

Affirmed.