STATE of Minnesota, Respondent,

v.

Cecil Lee WILLIAMS, Appellant.

No. C4-84-1287.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Review Denied April 12, 1985.

Hubert H. Humphrey, III, State Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and PARKER, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Cecil Lee Williams was convicted for attempted murder in the second degree, kidnapping and assault in the second degree in violation of Minn.Stat. §§ 609.11, 609.17, 609.19, 609.25, subd. 1(3) and (2), and 609.222 (1982), following an incident in which he fired a gun at his former girlfriend and a third party. On appeal he claims that the evidence was insufficient to sustain his conviction, that admission of testimony concerning his prior conduct towards his former girlfriend constituted reversible error, and that he was denied his right to a fair trial by the trial court's failure to excuse a juror for cause. Appellant also personally asserts that retrial on charges other than second degree assault, was barred because of double jeop-

ardy, due process and public policy. We affirm.

## FACTS

Appellant, a relief operations engineer at Koch Refining Company, had dated Helen Wilson for approximately one year, ending about August 1982. Wilson testified that following their breakup, in September 1982 appellant became angry in a restaurant and poured coffee over her head. A month later, during an argument appellant struck her on the head. Wilson also testified appellant made repeated threats to her over the phone.

On December 10, 1982 appellant called Wilson and told her she would take a nose dive. Later, appellant discovered that Wilson was attending a play at the Mixed Blood Theater on the West Bank area of Minneapolis. Appellant took a loaded .32 caliber revolver and seven extra bullets and went looking for Wilson. After the play Wilson returned with her friends to the car and got in the back seat. Appellant abruptly appeared, reached his arm in and fired the revolver into the back seat. The bullet landed inches away from Wilson. Appellant then forced Wilson around the front of the car. Two other theatergoers saw Wilson being forced along by appellant. One of them, Seth Leavitt, attempted to intervene by separating appellant from Wilson. Leavitt pushed Wilson behind him and appellant fired his gun at Leavitt. Leavitt was not hit. Appellant then took Wilson to his car. After a short chase by police officers, appellant was eventually barricaded by other squad cars and stopped. Wilson immediately took flight from appellant's car and hid in a stranger's car until police came.

At trial, appellant admitted that he made statements which could be perceived as threats to Wilson and admitted that he had been preoccupied about the breakup to the point of seeing a psychiatrist. However he claimed that he carried a gun because he was threatened by Wilson's brothers and friends and that he did not intend to kill Wilson but merely wanted to scare her.

Appellant was subsequently convicted of attempted second degree murder and kidnapping of Wilson and second degree assault of Leavitt. He was sentenced to consecutive executed prison terms of 58 and 36 months (no sentence was imposed for kidnapping).

## ISSUES

1. Was the evidence sufficient?

2. Did the admission of evidence of prior conduct by appellant towards Wilson constitute reversible error?

3. Was appellant denied his constitutional right to a fair and impartial jury by the trial court's failure to excuse a juror for cause?

4. Was retrial on charges other than second degree assault barred on double jeopardy, due process and public policy grounds?

## ANALYSIS

### I.

■ Appellant initially argues that when he approached Wilson who was seated in the back seat of a small car, reached in and fired a .32 caliber revolver, he did not intend to kill her. The jury could reasonably have disbelieved appellant. The evidence showed that appellant was upset over the breakup of the relationship, and had threatened and assaulted Wilson earlier. His actions the night of December 10 were clearly sufficient for the jury to find that he intended to kill Wilson.

The jury could also have concluded that appellant intended to assault Seth Leavitt with a dangerous weapon when he fired his revolver at him. This verdict was consistent with the testimony of three witnesses who indicated appellant fired after stating to Leavitt, "I'll show you." Appellant's claim that the gun went off accidentally was clearly disbelieved by the jury.

The evidence was also sufficient for the jury to conclude that appellant kidnapped Wilson by removing her from one place to another without her consent for the pur-

pose of committing great bodily harm or to terrorize her, and did not release her in a safe place.

## II.

Appellant contends that the admission of testimony regarding his threatening remarks and the specific instances in which he poured coffee and beat her on the head were irrelevant or if relevant, more prejudicial than probative. This evidence was highly relevant on establishing the strained relationship that existed between appellant and Wilson before the December 10, 1982 incident. It bore directly on his intent that evening. *See State v. Blanchard*, 315 N.W.2d 427, 431 (Minn.1982); *State v. Johnson*, 256 N.W.2d 280, 286–87 (Minn. 1977). The trial court's ruling was within its sound discretion. Minn.R.Evid. 404(b).

## III.

Appellant claims he was denied his right to a fair trial because the trial court failed to excuse a juror, who had been a victim of armed robbery twice, for cause. Appellant did not use a peremptory strike for this juror.

Minn.R.Crim.P. 26.02, subd. 5, provides grounds upon which jurors may be challenged for implied bias. Appellant has failed to show the presence of any of the grounds listed in this rule, or that he was prejudiced by the trial court's failure to allow the challenge for cause. *State v. Dulak*, 348 N.W.2d 342, 344 (Minn.1984). The juror stated that he could be fair and impartial. There is simply no showing that being a victim of a crime establishes any preconceived implied bias in the mind of the perspective juror.

## IV.

Appellant was charged by amended complaint of attempted murder in the second degree, kidnapping and second degree assault. He pleaded guilty to two counts of second degree assault. Subsequently he was allowed to withdraw his guilty plea and proceed to trial on the amended charges. He personally asserts that retrial

on anything other than two charges of second degree assault was barred on double jeopardy, due process and public policy grounds. Appellant's contentions are without merit. When appellant withdrew his guilty pleas, the charges were merely reinstated so as to place the parties in the position which existed prior to the plea agreement. There is no indication of any prosecutorial vindictiveness on the record. *See State v. Spaulding*, 296 N.W.2d 870 (Minn.1980).

## DECISION

Appellant received a fair trial by a fair and impartial jury and the evidence was sufficient to convict him of attempted murder in the second degree, kidnapping and second degree assault.

Affirmed.