**STATE of Minnesota, Respondent,**

v.

**Tracy Burke STAHLBERG, Appellant.**

**No. C2–84–2129.**

Court of Appeals of Minnesota.

Sept. 10, 1985.

Review Denied Oct. 24, 1985.

Hubert H. Humphrey, III, State Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., Rebecca H. Hamblin, Law Clerk, St. Paul, John P. Dimich, Itasca Co. Atty., Grand Rapids, for respondent.

C. Paul Jones, State Public Defender, Ann Remington, Asst., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Tracy Stahlberg was convicted of attempted murder in the second degree, Minn.Stat. §§ 609.19(1) and 609.17, subd. 1 (1984). On appeal he contends the evidence was insufficient, that the trial court abused its discretion in not submitting the case to the jury immediately following the close of testimony and that the court abused its discretion in sentencing him to the presumptive sentence under the Minnesota Sentencing Guidelines. We affirm.

## FACTS

Around midnight on June 24, 1984 Tony Young was in the passenger seat of a car parked outside Eldie's Bar in Grand Rapids. He was with Betty Demings, the identical twin sister of Young's former girlfriend, Barbara Demings. Suddenly the passenger door was jerked open and Young was grabbed around the neck. Betty saw a "flash of silver." Young jumped out of the car and recognized his assailant as appellant, the current boyfriend of Barbara Demings. The two began fighting. Appellant fled and Young soon realized he had been stabbed. He was taken to the hospital where it was discovered he had seven separate stab wounds in the back area. One wound was to the neck, just inches from his carotid artery or jugular vein and another wound penetrated his chest cavity causing a partial collapse of one lung.

Testimony showed Young and appellant had gotten into several altercations before. The day of the stabbing appellant had been bar-hopping with friends and learned that his girlfriend Barbara Demings was at Eldie's Bar and that Young was also there. Appellant and his friends drove to the bar. Apparently appellant thought Young was with Barbara Demings in the parked car. After the incident, appellant fled to Minneapolis where he was picked up by the police; a pat down search produced two knives.

At trial, the presentation of evidence ended around 2:30 p.m. The trial court decided to adjourn until the following morning because instructions would not be ready until 4:00 or 4:30 p.m. and closing arguments would likely take 1½ to 2 hours. Appellant was convicted and sentenced to 121½ months for attempted murder in the second degree.

## ISSUES

1. Was the evidence sufficient?

2. Did the trial court abuse its discretion in adjourning until the following morning to have closing arguments and instructions?

3. Did the trial court err in sentencing appellant to the presumptive guideline sentence?

## ANALYSIS

### I.

■ Appellant argued to the jury that he was not the aggressor and was acting in self-defense when he stabbed Young.

However, the jury was clearly persuaded that appellant was the aggressor by reaching into the passenger side of the car and initiating the conflict. In addition there was evidence that appellant stabbed Young in the car when he leaned in, since Betty Demings testified that Young's neck was bloody before he got out of the car. Appellant did introduce evidence of the prior hostility between the two men. *See State v. Salas*, 306 N.W.2d 832 (Minn.1981). Despite this, however, there was sufficient evidence for the jury to reject appellant's defense and convict him. *See State v. Parker*, 353 N.W.2d 122, 127 (Minn.1984). Appellant's actions were sufficient for the jury to find that he intended to kill Young. *State v. Williams*, 361 N.W.2d 473 (Minn. Ct.App.1985). *See State v. Malaski*, 330 N.W.2d 447 (Minn.1983).

### II.

 The trial court was under no obligation to submit the case immediately upon the completion of testimony. The trial court's thoughtful decision reflected concern over submitting the case to a tired jury late in the day. Jury sequestration is not required until after being charged; before that sequestration is discretionary with the trial court. Minn.R.Crim.P. 26.03, subd. 5(1). There was no error in adjourning at 2:30 p.m. to begin the next day refreshed. It was the proper thing to do.

### III.

Appellant was sentenced to the presumptive Guideline sentence and urges that a durational departure was justified. Ordinarily we will not interfere with a presumptive sentence, *State v. Abeyta*, 336 N.W.2d 264 (Minn.1983); *State v. Kindem*, 313 N.W.2d 6 (Minn.1981). Appellant has not demonstrated that the trial court abused its discretion in refusing to depart from the presumptive sentence.

### DECISION

Appellant's conviction and sentence is affirmed.

Affirmed.