STATE of Minnesota, Respondent,

v.

Richard Bunzell BOBO, Jr., Appellant.

No. CX–87–76.

Court of Appeals of Minnesota.

Oct. 27, 1987.

Review Denied Dec. 22, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Carolan, Dakota County Atty., Richard A. Enga, Asst. Co. Atty., Hastings, for respondent.

C. Paul Jones, State Public Defender, Bradford Colbert, Asst. Public Defender, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Richard Bobo was convicted of aggravated robbery and two counts of second degree assault. Bobo appeals, claiming he was denied a fair trial and that the court erred in sentencing him on the assaults instead of the aggravated robbery. We affirm.

## FACTS

On July 24, 1986, at approximately 10:45 p.m., Eagan Super America store employees Ladendorf and Heine were working at the cash registers and employee Simon was outside checking the pumps. A male customer came to the counter with a can of pop, pointed a gun at Ladendorf and or-

dered him to put the money in a bag and instruct Heine to do the same. The robber "waved" his gun at Heine. When Simon came into the store, the robber became nervous and left and as he left the gun discharged. An inventory showed the store lost about $650.00.

The Eagan police found the getaway car belonged to a Mrs. White in St. Paul, who told police her son Mark had the car on the night of July 24th. The police picked up Mark White who gave a statement indicating he was the driver of the car and Bobo, Phillip Jellum and George Atkins were with him. Jellum pleaded guilty to aggravated robbery and Atkins pleaded guilty to simple robbery. They received 38 month sentences while White pleaded guilty to receiving and concealing stolen property and received a six month sentence.

White spent the early part of the evening with two men. Later in the evening he encountered Bobo, Atkins and Jellum who requested a ride. White took the first two men home and returned to pick up the others. They proceeded to the Super America where Jellum robbed the store while the others waited in the car. According to Bobo, he did not go with White and was at home with his parents, sister and nephew at the time of the robbery. His mother confirmed the story.

At trial, the prosecution introduced *Spreigl* evidence of a similar crime allegedly involving Bobo which occurred at the Country Store in St. Paul about 1:00 a.m. on July 28, 1986. The robber brought cookies to the counter and then displayed a gun and demanded money. The cashier of that store later identified Bobo from a photo line-up and from a videotape line-up as the robber.

Prior to the testimony of the Country Store cashier, the trial court informed the attorneys that the bailiff had lunched with the cashier and been so impressed with him that he gave the young man $50 for college. Defense counsel requested cross-examination on the monetary gift but was denied. Bobo's counsel also challenged the inclusion of a juror who had served as a juror the week before.

During the trial Mark Mays, one of the men with Bobo early in the evening, testified he had never been convicted of a felony although he recently pleaded guilty to unauthorized use of a motor vehicle. The trial court denied Bobo's request to impeach Mays with evidence of the prior conviction because Mays had not been sentenced for this offense.

During the trial, "mug" shots were introduced as evidence and at one point a police witness made the comment:

> After reviewing Mr. Bobo's *criminal history*, I observed that he was on a video-tape, number 145.

(emphasis added). Counsel did not object at the time to the officer's comments for fear of drawing attention to the statement, but later requested a mistrial. The jury found Bobo guilty of aggravated robbery and two counts of second degree assault. The trial court vacated the conviction for aggravated robbery, and Bobo was sentenced to consecutive terms of 44 months and 36 months for the assaults.

## ISSUES

1. Did the trial court err in refusing to strike a juror who had served on a jury the previous week?

2. Was *Spreigl* evidence properly admitted?

3. Was appellant denied a fair trial because of witness comments on his criminal history, the use of mug shots, or limitations on cross-examination of witnesses?

4. Did the trial court err in vacating appellant's aggravated robbery conviction and sentencing him consecutively on two second degree assault convictions?

## ANALYSIS

### I

During voir dire, one juror indicated he had served on a jury the previous week in a case that went to a verdict. Bobo moved to strike this juror on the basis of Minn.Stat. § 593.41 which provides:

A prospective juror is disqualified to serve as a juror if the prospective juror:

\*　　\*　　\*　　\*　　\*　　\*

(8) Has served as a county, municipal, district or federal court grand or petit juror within the past four years; \* \* \*.

Minn.Stat. § 593.41, subd. 2 (1986). The court denied that motion. Bobo claims prejudice because he had used all of his peremptory strikes and the juror was part of the panel which eventually convicted him. Bobo argues that the plain language of the statute prevents a juror from serving on more than one jury during a given term of service.

Minn.Stat. § 593.41, subd. 2 governs eligibility for jury service; the Rules of Criminal Procedure govern who may serve at a particular trial. Previous service as a juror is not a ground for challenge under the Rules unless the service was on a jury for a case related to the present case or the defendant. *See* Minn.R.Crim.P. 26.02, subd. 5(1). Since the challenged juror had not served on any jury in a related case or a case involving Bobo, the juror was not subject to dismissal for cause. *See State v. Dulak,* 348 N.W.2d 342, 344 (Minn.1984). The disqualifying service must come from a previous term. *See People v. Williams,* 114 Mich.App. 186, 318 N.W.2d 671 (construing a similar statutory provision). In addition, Bobo has failed to show how he was prejudiced by the inclusion of the juror. *See State v. Stufflebean,* 329 N.W.2d 314, 317 (Minn.1983).

### II

Evidence of other unrelated crimes cannot be introduced against a defendant unless it comes under a recognized exception to the Rules of Evidence. *State v. Billstrom,* 276 Minn. 174, 176–77, 149 N.W.2d 281, 283 (1967). Evidence may be admitted to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Minn. R.Evid. 404(b).

The admission of evidence of other crimes is within the discretion of the trial court. *State v. Campbell,* 367 N.W.2d 454,

460 (Minn.1985). The evidence of a defendant's participation in the crime must be clear and convincing. *Perez*, 397 N.W.2d at 919. The court also must decide if the evidence is relevant and material to the State's case and whether the probative value outweighs the potential for unfair prejudice. *Id.*

Regardless of the purpose for which the evidence is admitted, there must be some relationship in time, location, or *modus operandi* between the crime charged and the [other crime], and further, the direct or circumstantial evidence on the issue in question must be weak or inadequate.

*State v. Stagg*, 342 N.W.2d 124, 127 (Minn. 1984).

The positive identification by the Country Store cashier is sufficient to prove by clear and convincing evidence that Bobo participated in the *Spreigl* crime, "[b]earing in mind that proof by clear and convincing evidence is not as high a standard as proof beyond a reasonable doubt." *State v. McAdoo*, 330 N.W.2d 104, 106 (Minn.1983).

■ The *Spreigl* crime must be similar to the charged crime in location, time and method, and the mere fact that both offenses were aggravated robbery may not be sufficient. *See State v. Woelm*, 317 N.W.2d 717, 718 (Minn.1982). The charged crime and Bobo's *Spreigl* crime both took place at night and occurred within a few days of each other. Both involved robbery of businesses which were open late hours and not usually crowded. Both involved a minor purchase accompanied by a showing of a gun and demand for money. The trial court's ruling must be upheld, absent a clear abuse of discretion. *State v. Lloyd*, 345 N.W.2d 240, 246 (Minn.1984). We find no abuse of discretion in the admission of the *Spreigl* evidence.

### III

■ The State introduced a mug shot of Bobo which had been shown to witnesses for the purposes of identification. Bobo claims this was prejudicial because the jury might infer from the mug shot that he had been involved in prior criminal conduct. *See McAdoo*, 330 N.W.2d at 106–07. Since the State never claimed Bobo committed the robbery there was no need to introduce the mug shots. Although the probative value of this relatively minor piece of evidence is questionable, Bobo has failed to show any real prejudice. The jury was not told that the photograph had been taken as the result of a previous arrest and could just as easily inferred the picture was the result of this arrest. *See McAdoo*, 330 N.W.2d at 107; *see also State v. Serna*, 290 N.W.2d 446, 448 (Minn.1980). The court did not abuse its discretion in determining the probative value of the mug shots outweighed the potential for unfair prejudice. *See McAdoo*, 330 N.W.2d at 107; Minn.R.Evid. 403.

■ Bobo also objects to comments made by one of the State's witnesses, a police officer, which revealed Bobo's criminal record. When asked about the *Spreigl* witness's identification of Bobo, the officer said:

After reviewing Mr. Bobo's *criminal history*, I observed that he was on a video tape, number 145.

(emphasis added). Bobo's counsel did not object at the time to avoid drawing attention to the comment but later asked for a mistrial. The comment clearly was improper. However, when viewed in the context of the three-day trial it was an unsolicited, isolated comment that was not so prejudicial as to deprive Bobo of a fair trial.

Bobo claims he was improperly denied an opportunity to impeach the State's witness, Mark Mays, who testified he had never been convicted of a felony. Mays pleaded guilty to unauthorized use of a motor vehicle shortly before Bobo's trial but was not sentenced. Bobo's offer of proof did not indicate whether Mays' plea had been accepted or was conditional.

■ Minn.R.Evid. 609 permits the introduction of a prior conviction for the purpose of attacking credibility if the conviction was for a felony, or involved dishonesty or a false statement because it aids the jury in judging the credibility of the witness. *See Lloyd*, 345 N.W.2d at 247.

Minn.Stat. § 609.02 defines conviction as follows:

> "Conviction" means any of the following *accepted and recorded* by the court:
> (1) a plea of guilty; or
> (2) a verdict of guilty by a jury or a finding of guilty by the court.

Minn.Stat. § 609.02, subd. 5 (1986) (emphasis added). Since the trial court did not know the precise status of Mays' plea, it did not abuse its discretion in not allowing impeachment on this matter.

 Bobo objects to not being allowed to confront and cross-examine the cashier regarding the $50 "gift" from the bailiff. *See Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S.Ct. 1038, 1045–46, 35 L.Ed.2d 297 (1973) (the rights to confront and cross-examine witnesses are essential to due process). There is nothing to indicate that the payment affected the cashier's testimony in any way or that the inability to cross-examine on this issue adversely affected Bobo's due process rights. The cashier's prior statements and two out-of-court identifications of Bobo before trial were entirely consistent with the cashier's trial testimony. The court notified the jury of the occurrence and then refused to allow cross-examination on the subject in order to minimize the introduction of peripheral issues into the case. Therefore it was unnecessary to allow cross-examination on this particular issue.

### IV

Bobo was convicted of two counts of second degree assault and one count of aggravated robbery. The trial court vacated the robbery conviction and sentenced Bobo to consecutive sentences for the two assaults resulting from Jellum's pointing the gun at the two clerks. Bobo claims the assaults were lesser included offenses of aggravated robbery and thus should have been vacated. Bobo also claims he should receive the presumptive sentence of 65 months for aggravated robbery instead of the 80 months imposed.

 We agree that the assaults are lesser included offenses and that Bobo could not be sentenced for *both* the assaults and the robbery. Minn.Stat. § 609.04 provides:

> Upon prosecution for a crime, the actor may be convicted of *either* the crime charged *or* an included offense, *but not both.*

Minn.Stat. § 609.04, subd. 1 (1986) (emphasis added). There is nothing in the statutory language to indicate which conviction must be vacated. The trial court did not err in choosing to vacate the robbery conviction and sentence on the assaults.

 Bobo also argues his three accomplices all received much lighter sentences because they pleaded guilty to lesser crimes while he chose to go to trial, and claims he is being punished for exercising his right to trial. Bobo received the presumptive sentence only for crimes he was convicted of committing. He cannot complain about diminished sentences received by his accomplices. *See State v. Vazquez*, 330 N.W.2d 110, 112–13 (Minn.1983).

### DECISION

Bobo received a fair trial and was correctly sentenced.

Affirmed.