STATE of Minnesota, Respondent,

v.

Jeffrey Tyrell ANDERSON, Appellant.

No. C3–99–121.

Court of Appeals of Minnesota.

Dec. 21, 1999.

Mike Hatch, Attorney General, St. Paul; and Amy Klobuchar, Hennepin County Attorney, Mary M. Lynch, Assistant County Attorney, Minneapolis, for respondent.

John M. Stuart, State Public Defender, Chad M. Oldfather, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by
AMUNDSON, Presiding Judge,
PETERSON, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY, Judge *

Jeffrey Tyrell Anderson challenges his burglary conviction, claiming he was presumptively denied his right to an impartial jury because nine of the empanelled jurors were past victims of similar crimes. Anderson also claims that his counsel's perfunctory questioning of prospective jurors during voir dire and his failure to challenge past crime victims for cause deprived him of his right to effective assistance of counsel. Because Minn. R.Crim. P. 26.02, subd. 5, contains the exclusive grounds on which a challenge for cause may be based and does not include past victimization, we affirm.

## FACTS

Jeffrey Tyrell Anderson was charged with one count of second-degree burglary in violation of Minn.Stat. § 609.582, subd. 2(a) (1996). During voir dire, counsel and the court asked prospective jurors if they had been victims of any crimes. When asked if previous crime experiences would impair their impartiality, jurors who had been victimized responded in the negative.

Eventually, counsel selected twelve jurors and one alternate without exercising their peremptory strikes or challenging for cause. Of the jurors selected, seven had been victims of home burglaries, two had been victims of theft, and two had experienced other crimes. The jury found Anderson guilty and he was sentenced to 33 months in a state correctional facility.

On appeal from the judgment of conviction, Anderson concedes that the record contains no evidence of actual jury bias. He claims, however, that bias may be implied from the jurors' status as victims of crimes similar to that for which he was on trial. Anderson urges that because of the similarities between the jurors' experiences and the circumstances giving rise to his trial, the potential for substantial emotional involvement adversely affecting impartiality was inherent and a reversal of his conviction is constitutionally required. Alternatively, he claims that his counsel's failure to adequately probe into the issue of jury bias on voir dire and to challenge the composition of the jury deprived him of his right to effective assistance of counsel.

## ISSUES

1. Is bias conclusively presumed and a new trial required in a burglary prosecution where nine of the jurors empanelled were past victims of similar crimes?

2. Does defense counsel's failure to question prospective jurors sufficiently and to challenge the composition of the jury on grounds of past victimization constitute ineffective assistance of counsel?

## ANALYSIS

### I.

This appeal raises an issue of first impression in this state: whether this court should expand Minn. R.Crim. P. 26.02,

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

subd. 5, to include the doctrine of implied bias, under which bias is presumed as a matter of law from the potential for substantial emotional involvement inherent in certain situations and reversal is automatic.

The supreme court has consistently held that Minn. R.Crim. P. 26.02, subd. 5, contains the exclusive grounds on which jurors may be challenged for bias. *State v. Roan*, 532 N.W.2d 563, 568 (Minn.1995); *State v. Stufflebean*, 329 N.W.2d 314, 317 (Minn.1983); *see also Atkinson v. Mock*, 271 Minn. 393, 397, 135 N.W.2d 892, 895 (1965) (recognizing that Minn.Stat. § 631.31 (1964), the precursor to Minn. R.Crim. P. 26.02, subd. 5, explicitly stated that "[a] challenge for implied bias may be taken for all or any of the following causes, *and for no other*") (emphasis added). Crime victim status is not one of the proper causes for challenge. *See* Minn. R.Crim. P. 26.02, subd. 5; *State v. Williams*, 361 N.W.2d 473, 476 (Minn.App. 1985) (being victim of crime does not necessarily establish implied bias in mind of prospective juror).

■■■ To prevail on a claim of bias under Minnesota law, an appellant must show that (1) the juror alleged to be biased was subject to challenge for cause; (2) actual prejudice resulted from the district court's failure to dismiss; and (3) an appropriate objection was subsequently made. *Stufflebean*, 329 N.W.2d at 317. In determining whether to dismiss a potential juror for cause, the trial court must decide whether the juror "can set aside his or her impression or opinion and render an impartial verdict." *State v. Drieman*, 457 N.W.2d 703, 708 (Minn.1990). On review, this court will not lightly substitute its own judgment for that of the trial judge because the trial judge is in the best position to evaluate the testimony and demeanor of potential jurors. *Id.* at 708–09.

Anderson does not meet the *Stufflebean* three-prong test. None of the jurors alleged to be biased was challenged for cause and the record reflects no actual prejudice since all prospective jurors stated that previous crime experiences would not affect their ability to remain impartial. Additionally, Anderson did not object to the composition of the jury. Therefore, a claim of juror bias under the traditional analysis will not stand.

■ Anderson does not base his claim of bias on the traditional analysis, however. Instead, relying on federal law, he argues that the procedural constraints the supreme court established in *Stufflebean* should be modified to account for the implied bias doctrine. Under this doctrine, bias is presumed and automatic reversal is required in highly limited situations where "structural defects in the constitution of the trial mechanism" call into question the very accuracy and reliability of the trial process. *Sullivan v. Louisiana*, 508 U.S. 275, 281, 113 S.Ct. 2078, 2082–83, 124 L.Ed.2d 182, 190 (1993) (invalid jury instruction on reasonable doubt is structural defect requiring that bias be presumed); *see also McGurk v. Stenberg*, 163 F.3d 470, 474 (8th Cir.1998) (denial of jury trial is structural error subject to automatic reversal without showing of prejudice). Federal courts have applied the implied bias doctrine in "extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations." *Person v. Miller*, 854 F.2d 656, 664 (4th Cir.1988). For instance, they have presumed bias where a juror or a juror's close relative has been personally involved in a similar fact pattern. *See, e.g., Gonzales v. Thomas*, 99 F.3d 978, 987 (10th Cir.1996) (bias presumed in rape trial where juror had been victim of similar crime); *Hunley v. Godinez*, 975 F.2d 316, 319 (7th Cir.1992) (bias implied when "profoundly similar" circumstances placed "jurors in the shoes of the victim just before she was murdered"); *Burton v. Johnson*, 948 F.2d 1150, 1159 (10th Cir.1991) (bias presumed when juror sitting in murder trial in which defendant claimed battered-

wife syndrome as a defense was herself victim of domestic abuse). In the exceptional cases in which the federal courts have applied the implied bias doctrine, a finding of bias is not contingent on the prospective jurors' assessment of their partiality but is automatically presumed. *See Dyer v. Calderon,* 151 F.3d 970, 984 (9th Cir.1998) (bias presumed in prosecution for murder where juror intentionally failed to disclose that her brother had been killed under suspicious circumstances), *cert. denied,* —— U.S. ——, 119 S.Ct. 575, 142 L.Ed.2d 479 (1998).

 While the doctrine of implied bias appears philosophically sound and the federal courts have employed it in appropriate cases, Minn. R.Crim. P. 26.02 does not appear to embody it. Moreover, by expressly requiring proof of actual bias in cases involving a claim of jury bias, the Minnesota Supreme Court seems to have rejected the implied bias doctrine, which presumes bias when structural defects exist. Therefore, without a clear indication from the Minnesota Supreme Court, this court is reluctant to adopt into its established jurisprudence a new doctrine that would have such a profound effect on current practice. "[T]he task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court." *Tereault v. Palmer,* 413 N.W.2d 283, 286 (Minn.App.1987), *review denied* (Minn. Dec. 18, 1987).

## II.

Anderson also claims that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Anderson must affirmatively show that his attorney's representation fell below an objective standard of reasonableness and so prejudiced him that there is a reasonable probability that, but for counsel's errors, the trial outcome would have been different. *Gates v. State,* 398 N.W.2d 558, 561 (Minn.1987).

Anderson first argues that his representation fell below an objective standard of reasonableness because his attorney did not adequately question prospective jurors on voir dire and failed to challenge past crime victims for cause. Given that Minn. R.Crim. P. 26.02, subd. 5, is the exclusive source of grounds for a charge of implied bias and that status as a past crime victim is not a proper grounds for challenge, Anderson's attorney's failure to challenge the jurors for cause is not objectively unreasonable. Additionally, because the jurors testified that their previous crime experiences would not affect their impartiality, the record does not establish a reasonable probability that but for counsel's alleged errors the outcome at trial would have been different. Anderson's ineffective assistance claim therefore fails.

## D E C I S I O N

Anderson is not entitled to a reversal of his conviction on grounds of implied jury bias.

**Affirmed.**