# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-0007

State of Minnesota,
Respondent,

vs.

Alie Christine Theodore Dorn,
Appellant.

**Filed February 16, 2016**
**Affirmed**
**Kirk, Judge**

Marshall County District Court
File No. 45-CR-14-15

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Donald J. Aandal, Marshall County Attorney, Warren, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Connolly, Judge; and Kirk, Judge.

## S Y L L A B U S

A person may be convicted of first-degree assault based on the intentional infliction of great bodily harm if that person commits a volitional act in a hostile manner, even where the degree of force is as slight as a push, so long as that act is a substantial cause of the bodily harm.

# OPINION

**KIRK**, Judge

Appellant challenges the sufficiency of the evidence to support her conviction of first-degree assault, arguing that she did not commit assault-harm because she did not intend to inflict bodily harm when she pushed the complainant twice and he fell into a nearby fire. She also argues that her pushing did not constitute an assault because it did not inflict bodily harm. Because pushing is a volitional act and when committed in a hostile and forceful manner, is an assault, regardless of whether harm was intended, and appellant's pushes were a substantial factor in causing the complainant's injury, we affirm.

## FACTS

The state charged appellant Alie Christine Dorn with first-degree assault, in violation of Minn. Stat. § 609.221, subd. 1 (2012), after Dorn pushed another person, causing him to fall backwards into a bonfire. Dorn waived her right to a jury trial. At her bench trial, the state presented evidence that both Dorn and the complainant, who did not know each other, attended a large outdoor drinking party near Thief River Falls. At about 1:30 a.m., the complainant was standing with his back to a bonfire. One of his friends drew his attention to Dorn, who was standing nearby, and asked if he thought she looked like a drug dealer. Attempting to joke, he replied to his friend that, yes, she looked like a drug dealer. Dorn, who appeared intoxicated, overheard him, said, "What?," and then pushed him with two hands. He lost his balance, and she pushed him again with two hands, causing him to land on the embers of the fire, where he remained for several seconds before

2

a witness pulled him out. He sustained third-degree burns, which required skin grafting surgery on his arm and hand.

The state introduced Dorn's statement, in which she told police that the complainant "kept . . . talking in [her] face" and called her a drug dealer, she "pushed him," he "came at [her] again" and she "turned sideways and . . . pushed him and that's when he tripped" and fell into the fire. She stated that she "did not intentionally push him in the fire." Several of the state's witnesses testified that they saw Dorn push the complainant. Witnesses called on behalf of Dorn testified that right before the pushes, the complainant had spoken rudely to Dorn, approached her quickly, and yelled at her.

The district court issued its findings of fact, conclusions of law, and judgment, finding Dorn guilty. The district court found that no evidence suggested that the pushes were accidental or unintentional, and that she "did not intentionally push [the complainant] into the fire, but she did intentionally push [him] two times, which resulted in him falling into the embers and causing significant burns." The district court found that "[a]lthough the Defendant contends that she did not intend to push [him] *into the fire*, that is not the standard that the State must meet in this case," citing *State v. Fleck*, 810 N.W.2d 303 (Minn. 2012). The district court adjudicated Dorn guilty of first-degree assault and imposed a stayed sentence of 98 months, a downward dispositional departure. This appeal follows.

**ISSUE**

Was the evidence sufficient to support a conviction of assault-harm when the defendant committed intentional hostile and forceful acts, which substantially caused injury, but the defendant did not intend to inflict bodily harm?

**ANALYSIS**

In reviewing a challenge to the sufficiency of the evidence, this court conducts a painstaking review of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to allow the factfinder to reach the verdict that it did. *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012). We will not disturb the verdict if the factfinder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could have reasonably concluded that the defendant was guilty of the charged offense. *State v. Chavarria-Cruz*, 839 N.W.2d 515, 519 (Minn. 2013). In evaluating the sufficiency of the evidence, an appellate court uses the same standard of review for bench trials as for jury trials. *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011).

Dorn first argues that the state did not prove beyond a reasonable doubt that she intended to inflict bodily harm, which, she maintains, is required to convict her of first-degree assault based on harm. The interpretation of a statute presents a legal issue, which this court reviews de novo. *State v. Leathers*, 799 N.W.2d 606, 608 (Minn. 2011). A person may be convicted of first-degree assault if that person "assaults another and inflicts great bodily harm." Minn. Stat. § 609.221, subd. 1. A conviction of assault requires either "an act done with intent to cause fear in another of immediate bodily harm or death"

4

(assault-fear) or "the intentional infliction of or attempt to inflict bodily harm upon another" (assault-harm). Minn. Stat. § 609.02, subd. 10 (2012). The Minnesota Supreme Court has held that assault-harm is a general-intent crime. *Fleck*, 810 N.W.2d at 309. In other words, the "statute simply prohibits a person from intentionally engaging in the prohibited conduct." *Id*. at 308. On the other hand, assault-fear, a specific-intent crime, "requires an intent to cause a particular result." *Id*. (quotation omitted).

In the case of assault-harm, "[t]he forbidden conduct is a physical act, which results in bodily harm upon another." *Id*. at 309. Dorn argues that because the statutory definition of assault-harm prohibits an act that inflicts bodily harm, the state was required to prove beyond a reasonable doubt that she intended to "do the prohibited physical act," which is to inflict bodily harm. *Id.* at 310 (quotation omitted). But the supreme court in *Fleck* rejected this argument:

> Although the definition of assault-harm requires the State to prove that the defendant intended to do the physical act, nothing in the definition requires proof that the defendant meant to violate the law or cause a particular result. If the Legislature intended to require an additional, special mental element, it could have defined assault-harm as "an act done with the intent to cause bodily harm to another."

*Id*. at 309. We also note that Dorn's interpretation would render meaningless the supreme court's articulated distinction between the proof required for assault-harm and that required for assault-fear. *See id.* at 308-09. We agree that this leads to a harsh result where Dorn engaged in rather de minimis behavior when viewed in the context of the spectrum of actions that lead to the infliction of harm. However, this court, as an error-correcting court,

5

lacks authority to change established supreme court precedent. *State v. Adkins*, 706 N.W.2d 59, 63 (Minn. App. 2005).[1]

Dorn maintains that if a conviction based on assault-harm requires only that a defendant commits an intentional act, assault is, in effect, a strict-liability offense, which is disfavored in the law. *See State v. Wenthe*, 865 N.W.2d 293, 302 (Minn. 2015) (stating that the supreme court has "been particularly hesitant to dispense with mens rea when doing so would result in a strict liability offense"). We disagree.

"Mens rea is the element of a crime that requires the defendant know the facts that make his conduct illegal." *State v. Ndikum*, 815 N.W.2d 816, 818 (Minn. 2012) (quotation omitted). The supreme court has recently held that the clergy sexual conduct statute, which prohibits sexual penetration during a meeting involving spiritual counsel, although a general-intent crime, is not a strict liability offense because "sexual penetration must be intentional." *Wenthe*, 865 N.W.2d at 301 n.2, 303. In *Fleck*, the supreme court similarly recognized that "'an assault involving infliction of injury of some sort requires no abstract intent to do something further, only an intent to do the prohibited physical act of committing a battery.'" *Fleck*, 810 N.W.2d at 310 (quoting *State v. Lindahl*, 309 N.W.2d 763, 767 (Minn. 1981)).

---

[1] In a recent unpublished opinion, this court followed *Fleck* and affirmed a conviction of domestic assault, a general-intent crime, when the defendant admitted to intentionally tickling the victim, which resulted in bodily harm. *State v. O'Brien*, No. A15-0596 (Minn. App. Feb. 1, 2016). Although *O'Brien* is not precedential, we find its reasoning persuasive in light of *Fleck*. *See State v. Zais*, 790 N.W.2d 853, 861 (Minn. App. 2010) (stating that unpublished cases, although not precedential, may have persuasive value), *aff'd*, 805 N.W.2d 32 (Minn. 2011).

Thus, contrary to Dorn's argument, the supreme court has indicated that some form of mens rea—the intent to commit a battery—is required for a conviction of assault-harm, even though it is a general-intent offense. *See id.*; *see also* 2 Wayne R. LaFave, *Substantive Criminal Law* §16.2, at 552 (2d ed. 2003) (stating brief definition of battery as "the unlawful application of force to the person of another"). Of noteworthy significance to the facts and arguments in this appeal, a battery is defined as

> [T]he actual application of force to the body of the prosecutor. . . . [T]he slightest degree of force is sufficient, provided that it be applied in a hostile manner; as by pushing a man or spitting in his face. Touching a man to attract his attention to some particular matter, or a friendly slap on the back is not a battery, owing to the lack of hostile intention.

*Black's Law Dictionary* 173 (9th ed. 2009) (quoting 4 *Stephen's Commentaries on the Laws of England* 62-63 (L. Crispin Warmington ed., 21st ed. 1950)). Therefore, *Fleck* does not compel the conclusion that assault-harm is a strict-liability offense.

Dorn also contends that the evidence is insufficient to support her conviction because her pushes did not "inflict" bodily harm. *See* Minn. Stat. § 609.221 (stating that requirement). She acknowledges that her "actions were arguably the proximate cause of [the complainant's] injuries because they were a substantial factor in bringing about those injuries." But she contrasts the use of the word "inflicts" with the word "causes" and maintains that because "inflicts" is a transitive verb, the first-degree assault statute requires that the acts constituting an assault must themselves mete out an injury.

"In the absence of a statutory definition, we generally turn to the plain, ordinary meaning of a statutory phrase." *Leathers*, 799 N.W.2d at 609. When examining a word or

phrase's plain and ordinary meaning, appellate courts have considered dictionary definitions. *State v. Hartmann*, 700 N.W.2d 449, 453-54 (Minn. 2005). "To inflict" has been defined as "[t]o cause (something injurious or harmful), as to a person, group, or area." *The American Heritage Dictionary of the English Language* 900 (5th ed. 2011). Substantial causation is a well-established principle of criminal law. *See* 1 LaFave, *supra*, § 6.4(b), at 468-69 ("[T]he test for causation-in-fact is more accurately worded, not in terms of but-for cause, but rather: Was the defendant's conduct a substantial factor in bringing about the forbidden result?"). In analogous cases relating to homicide, Minnesota law has recognized that a defendant's acts must be a substantial causal factor in bringing about a victim's death. *See, e.g.*, *State v. Olson*, 435 N.W.2d 530, 534 (Minn. 1989) (noting that to prove the defendant guilty of second-degree murder and first-degree manslaughter, the state must prove that the defendant's actions were a "substantial causal factor" in causing death). Dorn cites no authority for her argument that in order to "inflict" the great bodily harm required for a first-degree assault, the defendant's physical acts must, by themselves, create that bodily harm. And she does not argue that the complainant's fall backwards into the fire amounted to an intervening, superseding cause that relieved her of responsibility for his injuries. *See State v. Gatson*, 801 N.W.2d 134, 146 (Minn. 2011) ("If the defendant seeks to establish a superseding cause, the intervening conduct must be the sole cause of the end result." (quotation omitted)). Thus, we reject her argument.

"[R]egardless of whether an offense is described as a specific- or general-intent crime, a defendant must voluntarily do an act or voluntarily fail to perform an act." *Fleck*, 810 N.W.2d at 309 (quotation omitted). "The volitional requirement is generally expressed

in terms of an exercise of the will. A reflex movement is not subject to the control of the will." *Id.* (quotation omitted). Here, the evidence is sufficient to support the district court's findings that Dorn committed voluntary, intentional acts, and that those acts ultimately resulted in great bodily harm to the complainant. Even if we consider intent to be proved only by circumstantial evidence, the state proved circumstances that Dorn made two pushes, each with two hands, in close proximity to the fire. *See State v. Hayes*, 831 N.W.2d 546, 552-53 (Minn. 2013) (noting two-step analysis for examining conviction when an element of the offense has been proven by circumstantial evidence, beginning with circumstances proved). Examining the circumstances proved, the evidence permits only the reasonable inference that Dorn intended to commit the prohibited act, and she has not shown the existence of an alternative, rational hypothesis inconsistent with guilt. *See id*. at 553 (describing second step of analysis: independent examination of inferences drawn from circumstances proved and whether those circumstances are consistent with guilt and inconsistent with any rational hypothesis negating guilt).

## D E C I S I O N

To support a conviction of assault-harm, Minnesota law does not require proof that the appellant intended to inflict bodily harm. The evidence is sufficient to sustain Dorn's conviction of first-degree assault because some degree of physical force was intentionally used against another and was a substantial cause of great bodily harm.

**Affirmed.**

9