*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0238**


State of Minnesota,
Respondent,

vs.

Obataye Ogunmola Powell,
Appellant.


**Filed September 12, 2016
Affirmed
Bjorkman, Judge**


Stearns County District Court
File No. 73-CR-12-5966

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Bjorkman, Presiding Judge; Schellhas, Judge; and

Kirk, Judge.

**UNPUBLISHED OPINION**

**BJORKMAN**, Judge

Appellant challenges the revocation of his probation, arguing that this court should adopt a heightened standard under *State v. Austin*, 295 N.W.2d 246 (Minn. 1980), for probationers whose sentences include a lifetime conditional-release term. We affirm.

**FACTS**

On August 9, 2012, appellant Obataye Ogunmola Powell pleaded guilty to fourth-degree criminal sexual conduct. The district court imposed a stayed 27-month sentence, and placed Powell on probation with conditions. The conditions required him to, among other things, maintain contact with his probation officer, complete sex-offender treatment, and submit to a polygraph test as directed for case management purposes. The district court also told Powell at sentencing that he would be subject to a lifetime conditional-release term if his sentence was executed.

On May 6, 2014, an arrest warrant was issued based on allegations that Powell violated his probation conditions by failing to (1) submit to a polygraph test as directed by his probation officer, (2) complete sex-offender treatment, and (3) report to probation as directed. Powell remained at large for nearly 18 months. On November 4, 2015, Powell waived his right to a contested hearing and admitted the probation violations. The district court subsequently revoked Powell's probation, executed his 27-month prison sentence, and imposed a lifetime conditional-release term.[1] Powell appeals.

---

[1] Powell is subject to a mandatory lifetime conditional-release term due to a prior sex-offense conviction. Minn. Stat. § 609.3455, subd. 7(b) (2010).

## DECISION

A district court has broad discretion to determine whether there is sufficient evidence to revoke probation and will not be reversed absent an abuse of that discretion. *State v. Ornelas*, 675 N.W.2d 74, 79 (Minn. 2004). Before revoking an offender's probation, a district court must find (1) the defendant violated a specific probation condition, (2) the violation was intentional or inexcusable, and (3) the need for confinement outweighs the policies favoring probation. *Austin*, 295 N.W.2d at 250. Revocation "requires a showing that the offender's behavior demonstrates that he or she cannot be counted on to avoid antisocial activity." *Id.* at 251 (quotations omitted).

The district court made all three *Austin* findings. First, the district court determined that Powell did not undergo a polygraph test as directed by his probation officer, did not complete sex-offender treatment, and failed to maintain contact with his probation officer for a year and a half. Second, the district court found that Powell was aware of his responsibilities while on probation and that his violations were intentional or inexcusable. Third, the district court determined that the need for confinement outweighed the policies favoring probation. The district court specifically found that Powell was not amenable to probation because he evaded supervision for 18 months. And the court observed that confinement would allow Powell to get necessary treatment.

Powell does not challenge the adequacy of the district court's findings or assert that the revocation decision constitutes abuse of discretion. Rather, Powell argues that we should adopt a heightened analysis under *Austin* for offenders whose sentences include a lifetime conditional-release term. Specifically, he urges a heightened standard

3

on the third *Austin* factor so that courts would be required to find that the need for confinement does not just outweigh, but *substantially* outweighs the policies favoring probation. We are not persuaded to do so.

First, Powell offers no precedential or persuasive legal support for his proposed heightened standard; he relies on policy arguments. He contends that a heightened standard is warranted based on the "extreme consequences" of a lifetime conditional-release term. And he asserts that because it is so difficult for sex offenders to find approved housing in certain communities, a lifetime conditional-release term "can easily become a life sentence."

Second, as an error-correcting court, we are not authorized to change the law in response to such policy concerns. *State v. Dorn*, 875 N.W.2d 357, 361 (Minn. App. 2016). "The task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court." *State v. Anderson*, 603 N.W.2d 354, 357 (Minn. App. 1999) (quotation omitted), *review denied* (Minn. Mar. 14, 2000); *see also In re Welfare of J.P.-S.*, 880 N.W.2d 868, 873 (Minn. App. 2016) (declining to require district courts to consider parents' finances when making out-of-home placement decisions because as an error-correcting court we "cannot impose such a burden on the district court in the absence of authority mandating such consideration"). Accordingly, we decline to adopt a heightened standard under *Austin* for probationers whose sentences include a lifetime conditional-release term.

**Affirmed.**

4