**In re the Marriage of Stephanie A. SAFFORD, Petitioner, Respondent,**

v.

**Emory E. SAFFORD, Appellant.**

**No. C8–86–180.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

Charles James Suk, Gregory M. Spoo, Dingle, Suk, Wendland & Mellum, Ltd., Rochester, for respondent.

A.M. Keith, Dunlap, Keith, Finseth, Berndt & Sandberg, P.A., Rochester, for appellant.

Heard, considered and decided by POPO-VICH, C.J., FOLEY and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Emory Safford appeals from an amended order and judgment and decree, filed and entered November 7, 1985, denying his request to terminate his maintenance obligation and requiring him to pay permanent maintenance of $800 per month. We affirm.

## FACTS

Emory and Stephanie Safford were married in 1960 and divorced in 1979. Respondent was not awarded any amount for maintenance. The question of maintenance was left open. In June 1983, either party would be entitled to bring a motion for a determination whether respondent was entitled to maintenance.

On June 29, 1983, respondent brought a motion for temporary maintenance of $500.00 per month, from and after July 1, 1983, requiring appellant to pay mortgage payments on the parties' homestead plus utility bills during the pendency of the action in the amount of $1,000.00.

On September 14, 1983, a hearing was held on respondent's motion. The court ordered appellant to pay to respondent $500.00 per month as temporary maintenance.

On June 11, 1985, respondent moved the court for an order holding appellant in contempt of court for failure to abide by the court order which required him to pay temporary maintenance, awarding respondent maintenance arrearages totaling $11,-000.00, assigning appellant's share of the net sale proceeds he would receive from the sale of the parties' homestead to respondent as and for partial payment of the maintenance arrearages, increasing appellant's maintenance obligation to $1,000.00 per month, and awarding respondent attorney's fees and costs totaling $1,922.73. Appellant moved the court for an order terminating his obligation to contribute to the support, maintenance, and/or living expenses of respondent.

The court found that respondent's total reasonable monthly living expenses could be met with an award of maintenance in an amount of approximately $1,000.00 per month, and, after taking into consideration and subtracting respondent's receipt of $199.00 per month in general assistance, ordered appellant to pay to respondent the sum of $800.00 per month in maintenance

to continue until respondent died, remarried, or until further order of the court.

Respondent, who is now 51 years old, continues to suffer from systemic lupus erytheatosus and from hypertension. She has been ill since 1971 and in 1978 became incapacitated. Since the entry of the judgment and decree of dissolution, respondent's condition has deteriorated. She remains totally incapable of gainful employment and has no other means of supporting herself.

Did the trial court abuse its discretion by ordering appellant to pay permanent maintenance where respondent's inability to support herself is due to a medical condition?

## ANALYSIS

■ Appellant argues that the maintenance statute is intended only to compensate spouses who, because of their role in the marriage, have been unable to obtain employment skills and career advancement. However, *Arundel v. Arundel*, 281 N.W.2d 663, 666 (Minn.1979), held that poor health is a proper reason for awarding permanent maintenance. Appellant further argues that spousal maintenance should be denied because under welfare rules, she would receive more money from general assistance medical care in Olmsted County. There is no authority for this proposition, and would seemingly violate public policy.

■ Appellant also argues that the trial court failed to consider the statutory factors set out in Minn.Stat. § 518.552, subd. 2 (1984). However, appellant really only wants this court to lower his maintenance obligation. Although sparse, the court's findings meet the minimum required by this statute.

## DECISION

Affirmed.