**In re the Marriage of Beverly J. McCONNELL, petitioner, Respondent,**

v.

**Stanley R. McCONNELL, Jr., Appellant.**

**No. A04–2387.**

Court of Appeals of Minnesota.

March 14, 2006.

Marcia J. Rowland, Chadwick and Mertz, P.S.C., Chanhassen, MN, for appellant.

Anthony L. Brown, Thomas C. Kayser, Randall M. Tietjen, Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge; PETERSON, Judge; and HUSPENI, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

RANDALL, Judge.

On appeal from the district court's award of temporary maintenance, appellant-husband argues that the record does not support the district court's findings that husband could become self-supporting and that no evidence of husband's disability was presented. We reverse and remand.

## FACTS

The parties were married in 1987 and divorced in 2004. At the time of dissolution, they had no minor children. Wife was age 42, and husband was age 55.

Wife was employed as a legal secretary earning an annual income of $32,000 working 37.7 hours per week. Wife had previously earned additional income from overtime and part-time jobs. But her ability to work overtime had been diminished by her employer, and she had quit her outside employment to focus on maintaining her position as a legal secretary, which was in jeopardy. The district court imputed income to wife based on a 40–hour work week. The district court found that wife's reasonable monthly living expenses are $1,543 and that her net monthly income, after deductions for medical and dental insurance and taxes, is $2,142.

Before and during the marriage, husband was employed for 25 years by the Minneapolis Public Housing Authority (MPHA) as a service worker performing maintenance tasks, including lawn mowing, snow plowing, and cleaning and repairing apartments. After husband left his employment with MPHA for health reasons in about 1993, MPHA held his job open until 1996, but he was unable to return.

Minn. Const. art. VI, § 10.

Husband was not employed at the time of dissolution.

The following is undisputed medical evidence that the district court put in its findings:

[Husband] suffers from diabetes, coronary artery disease with myocardial infarctions at the ages of 38 and 39, kidney transplant with end stage renal disease, high blood pressure, cataracts, double below-knee amputations, finger amputations, and complete dentures. He has received social security disability since December 1993. His only source of income is his social security disability payment of $1,265 per month, from which $59 is deducted for supplemental Medicare. His net monthly income is $1,206. Although $258 per month of his benefits are taxable income, he did not owe taxes on this income in 2003.

. . . .

... This is a 16 1/2 year marriage. Since [husband's] disability status determination, he has been largely absent from the work force. He is unable to do his previous job as a service worker II for the Minneapolis Public Housing Authority. He has been out of the work force for about ten years. His earning capacity has been permanently diminished by his medical condition and resulting physical disability, not due to absence from the work force due to caretaking of children or home. His lost income has been partially replaced by social security benefits.

Based on husband's efforts to earn income by attempting various home-based sales businesses and working in a family-owned restaurant, the district court, in the face of its own findings listed above, found that husband was capable of becoming self-supporting "after a short period of re-entry into the work force" and awarded him temporary maintenance of $715 per month for a period of four years.

## ISSUE

Did the district court abuse its discretion in awarding husband temporary, rather than permanent, maintenance?

## ANALYSIS

■■■ A district court's maintenance award will not be reversed unless there has been a clear abuse of discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). Minn.Stat. § 518.552, subd. 2 (2004), sets forth factors to be considered when determining the amount and duration of a maintenance award. No single factor is dispositive and each case must be determined on its own facts. *Erlandson*, 318 N.W.2d at 39. The basic consideration is the financial need of the spouse receiving the maintenance, and the ability to meet that need balanced against the financial condition of the spouse providing that maintenance. *Novick v. Novick*, 366 N.W.2d 330, 334 (Minn.App.1985).

■■ Findings of fact concerning spousal maintenance must be upheld unless they are clearly erroneous. *Gessner v. Gessner*, 487 N.W.2d 921, 923 (Minn.App.1992). Factual findings are clearly erroneous when they are "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 726 (Minn.1985).

■■ Husband argues that the district court clearly erred in finding that, based on husband's efforts to earn income through home-based enterprises and part-ownership of a restaurant, husband is capable of working full time and becoming self-supporting. Husband argues that the record does not support the district court's finding that, based on these past efforts,

husband "could work at employment such as a greeter, phone salesperson, customer service representative, cashier, or parking ramp attendant." We agree. The record does not contain evidence regarding the availability of such jobs; the physical requirements of such jobs; or whether husband could actually perform such jobs with his physical limitations. The finding that husband could become self-supporting by working at such employment is pure speculation and not supported by any evidence in the record. The record shows that, other than earning about $500 selling prepaid legal services, husband has not held profitable employment since leaving his job with the MPHA in about 1993 (12 years ago), a job to which he was unable to return because his total disability made him incapable of performing it.

■ Wife concedes that the district court erred in finding that "[n]o medical records or disability documentation were presented by either party" and that "[t]he social security determination of disability was not in evidence." The record contains medical records documenting husband's physical-health problems and disability and a Social Security Administration record stating that husband is disabled. While the social-security disability determination is not "conclusive" evidence for purposes of determining spousal maintenance, it is reasonable evidence supporting husband's claim that he is unable to become self-supporting.

■ Appellant has the burden of proving his need for spousal maintenance. *See Dobrin v. Dobrin,* 569 N.W.2d 199, 202 (Minn.1997) (stating that "[i]mplicit in Minn.Stat. § 518.552 is that the spouse seeking maintenance must demonstrate the need therefore"). But if uncertainty exists as to a spouse's future earning potential, then the court must award permanent maintenance. Minn.Stat. § 518.552,

subd. 3 (2004); *Duffey v. Duffey,* 416 N.W.2d 830, 833 (Minn.App.1987), *review denied* (Minn. Feb. 24, 1988); *Musielewicz v. Musielewicz,* 400 N.W.2d 100, 104 (Minn.App.1987), *review denied* (Minn. Mar. 25, 1987).

■ "[P]oor health is a proper reason for awarding permanent maintenance." *Safford v. Safford,* 391 N.W.2d 548, 550 (Minn.App.1986); *see also Lynch v. Lynch,* 411 N.W.2d 263, 265 (Minn.App.1987) (affirming a permanent-maintenance award when the parties enjoyed an affluent lifestyle during the marriage and the obligee, a homemaker during the parties' almost 30–year marriage, was "chronically ill and presently disabled with no clear prognosis for recovery, without professional training or academic credentials, and competitively unemployable"), *review denied* (Minn. Oct. 30, 1987); *Cich v. Cich,* 428 N.W.2d 446 (Minn.App.1988); *Doherty v. Doherty,* 388 N.W.2d 1 (Minn.App.1986) (affirming a permanent-maintenance award when obligee submitted medical records that provided the trial court with substantial evidence regarding her health problems and was 55 years old, she had been involved in a long-term marriage, had outmoded job skills, and resided in an area with a limited job market). Appellant's health is not "poor"—it is nonexistent.

Husband presented sufficient evidence to support an award of permanent maintenance. While we decline to hold that a permanent award is required as a matter of law, in analyzing "temporary" versus "permanent" maintenance, the district court failed to credit the undisputed evidence documenting husband's profound debilitating physical health problems and then based the temporary award on speculative findings regarding husband's ability to become self-supporting.

## DECISION

We reverse the temporary maintenance award and remand for reconsideration as to both the amount and duration of maintenance in light of the undisputed evidence documenting husband's health problems. On remand, the district court may at its discretion reopen the record to take additional evidence on the issue of maintenance.

**Reversed and remanded.**