**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0855**

In re the Marriage of:

Teresa Marie Nordahl, petitioner,
Respondent,

vs.

Steven Edward Nordahl,
Appellant.

**Filed March 2, 2026
Affirmed
Harris, Judge**

Anoka County District Court
File No. 02-FA-15-263

Kay Nord Hunt, Michelle K. Kuhl, Lommen Abdo, P.A., Minneapolis, Minnesota; and

Ryan Anderson, Anderson Family Law, Golden Valley, Minnesota (for respondent)

Jacob M. Birkholz, Birkholz & Associates, LLC, Mankato, Minnesota (for appellant)

Considered and decided by Harris, Presiding Judge; Smith, Tracy M., Judge; and

Segal, Judge.[*]

**SYLLABUS**

Employer contributions to an employee's Employer Stock Ownership Plan that are

not distributed to the employee do not constitute gross income under Minnesota Statutes

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

section 518A.29(a) (2024) because they are not periodic payments received by the employee.

**OPINION**

**HARRIS**, Judge

In this spousal-maintenance dispute, appellant-husband Steven Edward Nordahl argues that the district court (1) abused its discretion by failing to consider respondent-wife Teresa Marie Nordahl's Employer Stock Ownership Plan (ESOP) [1] when calculating her

---

[1] Throughout this litigation, husband has frequently referred to wife's ESOP as a "stock option plan." In the district court order that we reviewed in *Nordahl II*, the district court similarly referred to wife's ESOP as an "Employee Stock Option Plan" in its findings. The district court's phrasing was not challenged on appeal, and we therefore used the same language. *Nordahl II,* 2024 WL 3565645, at *1. Following remand, however, the district court filed a preliminary order in which it found that it had "erroneously referred to ESOP as an Employee Stock *Option* Plan when it is instead an Employee Stock *Ownership* Plan" and directed that the plan thereafter be referred to only as an "Employee Stock Ownership Plan." Husband has not challenged that finding and in his briefing in this appeal refers to the plan as an "Employee Stock Ownership Plan." It is therefore undisputed that wife's ESOP is an "employee stock ownership plan." We note the differences between employee stock ownership plans and stock options generally. "An employee stock ownership plan— an ESOP—is a tax qualified retirement plan for employees that is designed to invest primarily in employer securities." 1 Michael J. Canan & Charles C. Shulman, *Qualified Retirement Plans*, § 3:23, at 186 (2018). Contributions to a qualified retirement plan, such as an ESOP, are made by the employer on behalf of the employee participating in the plan. Canan, *supra*, § 3:1, at 142. The contributions are held in a trust to accumulate for the benefit of the employee. *Id.* In contrast, a stock option is "the right to buy shares of a stock at a specified price within a specified period of time." 5A William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 2137.30, at 71-72 (perm. ed., rev. vol. 2004). Stock options give an employee "the privilege of obtaining shares on a large scale at less than market price." *Id.*, at 72. Stock options may be vested or unvested, matured or unmatured, and restricted or unrestricted. *Equitable Distribution of Stock Options*, 17 No. 8 *Equitable Distribution Journal* 85 (Aug. 2000). These distinctions generally describe when an employee has the right to exercise an option to purchase stock. *Id.* Upon exercise, the stock option is treated as taxable income and reported on the employee's W-2. *Stock-Purchase Plan Agreement—Notice by Employee of Exercise of Option*, 7 Ill. Forms Legal & Bus. § 20:120 (July 2025).

2

gross income, (2) abused its discretion by failing to consider wife's ESOP as a financial resource when calculating the amount of maintenance pursuant to Minnesota Statutes section 518.552 subdivision 2(a) (2024), and (3) erred in its interpretation of the scope of remand by failing to reconsider his request to modify spousal maintenance. Because we conclude that ESOP is not a form of periodic payment under Minnesota Statutes section 518A.29(a), we affirm.

**FACTS**

Husband and wife separated in December 2013 after being married for approximately 26 years. In 2014, wife petitioned for dissolution of marriage.

The dissolution was finalized in February 2016 when the district court entered its dissolution decree. The district court awarded wife transitional (formerly known as temporary[2]) spousal maintenance in the amount of $2,500 per month through December 2028. The district court also awarded wife need-based attorney fees. The district court did not consider wife's ESOP in its calculation of gross income in its initial support determination because wife's interest in the plan was not vested at the time of trial and would not fully vest until 2021.

Husband moved for amended findings of fact, arguing that it was unreasonable for the district court to require him to pay spousal maintenance that would allow wife to increase her 401(k) contributions, particularly when wife held a vested interest in her ESOP

---

[2] "An award of temporary maintenance issued before August 1, 2024, is deemed transitional maintenance." Minn. Stat. § 518.552, subd. 3 (2024). "An award of permanent maintenance issued before August 1, 2024, is deemed indefinite maintenance." *Id.*

3

that (he asserted) she was guaranteed to receive in the future. In April 2016, the district court entered an amended dissolution decree revising certain dollar amounts but determined that even with the amended findings, husband failed to meet his burden to demonstrate a substantial change in circumstances that rendered his spousal maintenance obligation unfair or unreasonable. The court did not modify wife's transitional spousal-maintenance award of $2,500 per month, payable through December 2028, and reaffirmed its award of need-based attorney fees.

### Nordahl I

Husband appealed the district court's dissolution decree, challenging the award of spousal maintenance and attorney fees. *Nordahl v. Nordahl*, No. A16-1020, 2017 WL 1548617, at *2-4 (Minn. App. May 1, 2017) (*Nordahl I*), *rev. denied* (Minn. July 18, 2017). Husband argued, in relevant part, that the district court erred by failing to include wife's employer's contributions to the ESOP when calculating wife's gross income. *Id.* at *3. Husband asserted that the contributions to wife's ESOP would increase her income in the future. *Id.* This court noted that wife's "interest in the ESOP was unvested at the time of trial and [would] not fully vest until 2021." *Id.* We affirmed the district court's decision, concluding that the district court acted within its discretion by not considering the value of wife's interest in the ESOP because "any benefit from the ESOP is contingent on future events." *Id.*

### Cost-of-Living Adjustments, Spousal Maintenance, and Attorney Fees

In 2018, wife notified husband that the spousal-maintenance award would be adjusted for cost of living, consistent with the amended dissolution decree. In 2022, wife

4

again notified husband that the spousal-maintenance award would be adjusted to account for cost-of-living increases. In response, husband filed a motion requesting that the district court reduce his spousal-maintenance obligation and discontinue further cost-of-living adjustments.

Wife moved for need-based attorney fees based on husband's "much-higher income level, and conduct-based attorney fees, based on his decision to engage in expensive litigation and discovery processes on nothing more than his 'belief ….'" In response, husband filed a motion asking the district court to: (1) reschedule the motion for modification of spousal maintenance, (2) compel wife to comply with husband's requests for discovery, and (3) award husband conduct-based attorney fees based on wife's failure to comply with husband's discovery requests. Husband asserted that he met the standard for modification of spousal maintenance. He argued that wife's increase in hourly wages rendered the existing maintenance award unreasonable and unfair and that wife now had sufficient resources to meet her needs, justifying adjustment or termination of maintenance.

The district court held a motion hearing. Following the hearing, the district court directed the parties to submit briefs. In his post hearing brief, husband argued that the court should treat wife's ESOP as income or a retirement contribution because it was fully vested and employer funded. Wife responded that the ESOP is an illiquid retirement asset inaccessible until retirement after age 59.5 or, absent retirement, age 70.5, and further asserted that husband had ample resources to pay her attorney fees.

The district court held a second motion hearing. Following the hearing, the district court filed an order denying both parties' requests for conduct-based attorney fees. In

5

February 2023, the district court filed an order denying husband's motion to modify spousal maintenance and wife's request for need-based attorney fees. The district court determined that husband demonstrated that there had neither been a substantial change in circumstances nor that the award was unfair or unreasonable. Specifically with respect to wife's ESOP, the district court determined that wife's ESOP "is not a liquid asset and will not be used to calculate her annual gross income." The district court also concluded that, although husband had the means to pay wife's attorney fees, wife also had the means to pay such fees.

### Nordahl II

Husband appealed the district court's February 2023 order, arguing that the district court abused its discretion by making clearly erroneous findings regarding wife's ESOP not being part of her gross income. *Nordahl II*, 2024 WL 3565645, at *5. On cross-appeal, wife argued that the district court abused its discretion by denying her motions for need- and conduct-based attorney fees. *Id.* We affirmed the district court's decision to exclude wife's bonuses and overtime from her gross income. *Id.* at *4-5. But we concluded that the district court abused its discretion by declining to consider wife's ESOP in calculating her gross income. *Id.* at *5. We reasoned that "[t]he district court did not cite a statutory or jurisprudential basis for this determination, nor are we aware of one." *Id.* Thus, we determined that the district court "misapplied the law and therefore abused its discretion by excluding the ESOP from [wife's] gross income for a reason that lacks legal support." *Id.* We also concluded that the district court erred in denying wife's motion for need-based attorney fees because the district court's finding that wife had the means to pay for her

6

attorney fees was not supported by the evidence. *Id.* at *6. We reversed and remanded "for the district court to determine whether the ESOP meets the legal definition of gross income and, *if necessary*, to reconsider its resolution of [husband's] motion to modify spousal maintenance in light of that determination." *Id.* (emphasis added). We also directed the district court to reconsider wife's motion for need-based attorney fees *if* the district court determined that the ESOP met the legal definition of gross income. *Id.*

### District Court's 2025 Post-Remand Order

In March 2025, the district court held a motion hearing. Following the hearing, the district court filed an order clarifying gross income. Quoting *Haefele v. Haefele*, 837 N.W.2d 703, 710 (Minn. 2013), the district court reasoned: "Periodic means 'marked by repeated cycles or happening at regular intervals.'" Based on this definition, the court found that wife's ESOP did not meet the legal definition of gross income. The district court also relied on *Lee v. Lee*, 775 N.W.2d 631, 638 (Minn. 2009), explaining that "the term 'payment' generally means that a benefit must actually be received by the [party], as opposed to merely vested or owed, in order to constitute income." The district court found: "While [wife] is allowed to take a 25% cash out at a significant tax penalty, she is not entitled to regular, non-penalized payments. Upon retirement, she is eligible for one lump sum payment. Currently, [the] ESOP is not a payment to [wife]." The district court also found that wife's ESOP "is merely vested or owed to her." Thus, the district court concluded that because wife did not receive periodic payments from the ESOP, the ESOP was not gross income and was properly excluded from wife's gross income calculations. The district court also denied husband's motion to modify spousal maintenance. In light

7

of its ruling and because it had already determined that wife's ESOP was not gross income, the district court did not reconsider its previous decision about husband's spousal maintenance and wife's need-based attorney fees.

Husband appeals and wife cross-appeals.

## ISSUES

I.    Did the district court abuse its discretion when it determined that wife's ESOP was not part of her gross income for purposes of calculating spousal maintenance?

II.   Did the district court abuse its discretion in its interpretation of the scope of remand by failing to reconsider husband's request to modify spousal maintenance?

## ANALYSIS

**I.    The district court did not abuse its discretion when it determined that wife's employer's contribution to her ESOP was not gross income as defined by Minnesota Statutes section 518A.29(a).**

"District courts have 'broad discretion regarding spousal maintenance' and an award 'will only be reversed on appeal if the court abused its discretion.'" *Honke v. Honke*, 960 N.W.2d 261, 265 (Minn. 2021) (quoting *Lee*, 775 N.W.2d at 637). "A court abuses its discretion if it makes findings of fact that are not supported by the record, misapplies the law, or resolves the matter in a manner that is contrary to logic and the facts on record." *Sinda v. Sinda*, 949 N.W.2d 170, 175 (Minn. App. 2020) (quotation omitted). "A district court's determination of income for maintenance purposes is a finding of fact and is not set aside unless clearly erroneous." *Peterka v. Peterka*, 675 N.W.2d 353, 357 (Minn. App. 2004). "Factual findings are clearly erroneous when they are 'manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole.'" *Sinda*,

8

949 N.W.2d at 175 (quoting *McConnell v. McConnell*, 710 N.W.2d 583, 585 (Minn. App. 2006)).

First, husband argues that the district court misinterpreted Minnesota Statute section 518A.29, contending that the statute permits any type of periodic payment and unambiguously provides that contributions to retirement benefits are not exempt from inclusion in the gross-income calculation. Second, husband argues that the district court clearly erred by considering whether wife could access the ESOP funds because access to the funds is irrelevant under section 518A.29(a). Lastly, husband argues that the district court erred by concluding that the ESOP contributions were not "periodic payments." Because the interpretation of section 518A.29 is central to our analysis, we first address husband's statutory-interpretation argument and then consider whether the district court erred in its findings that wife's ESOP was not part of her gross income.

### A.      Statutory Interpreation

"'Maintenance' means an award made in a dissolution or legal separation proceeding of payments from the future income or earnings of one spouse for the support and maintenance of the other." Minn. Stat. § 518.003, subd. 3a (2024). The supreme court has stated that a district court's calculation of "income" for purposes of spousal maintenance under chapter 518 is governed by the definition of "gross income" in Chapter 518A. *See Lee*, 775 N.W.2d at 643 n.5 ("We conclude that the legislature intended section 518A.29's definition of gross income to apply to chapter 518, which governs maintenance."). Minnesota Statutes section 518A.29(a) provides:

Subject to the exclusions and deductions in this section, gross income includes any form of periodic payment to an individual, including, but not limited to, salaries, wages, commissions, self-employment income under section 518A.30, workers' compensation, unemployment benefits, annuity payments, military and naval retirement, pension and disability payments, spousal maintenance received under a previous order or the current proceeding, Social Security or veterans benefits provided for a joint child under section 518A.31, and potential income under section 518A.32. Salaries, wages, commissions, or other compensation paid by third parties shall be based upon gross income before participation in an employer-sponsored benefit plan that allows an employee to pay for a benefit or expense using pretax dollars, such as flexible spending plans and health savings accounts. No deductions shall be allowed for contributions to pensions, 401-K, IRA, or other retirement benefits.

Minn. Stat. § 518A.29(a).

Issues of statutory interpretation present a question of law, which we review de novo. *LaMont v. Indep. Sch. Dist. No. 728*, 814 N.W.2d 14, 18 (Minn. 2012). When interpreting statutes, this court seeks to "effectuate the intention of the legislature." *Id.*; *see also* Minn. Stat. § 645.16 (2024). In doing so, we first determine "whether the statute's language, on its face, is ambiguous." *In re Welfare of J.P.-S.*, 880 N.W.2d 868, 871 (Minn. App. 2016). The statutory language is ambiguous if words are susceptible to more than one reasonable interpretation. *Id.* "[W]e give words and phrases their plain and ordinary meaning" and "read the statute as a whole and give effect to all of its provisions." *Graphic Commc'ns Loc. 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 850 N.W.2d 682, 689 (Minn. 2014). If the statute is clear, this court enforces its plain meaning. *Id.* To determine a statute's plain meaning, we construe its "words and phrases according to the

10

rules of grammar and their common and approved usage. *Jones v. Borchardt*, 775 N.W.2d 646, 647 (Minn. 2009); *see also* Minn. Stat. § 645.08(1) (2024).

Husband argues that the ESOP meets the legal definition of gross income because the language of Minnesota Statute 518A.29 includes the broad phrase "any form of periodic payment." Husband points out that section 518A.29 "explicitly states that 'contributions to pensions, 401-K, IRA, or other retirement benefits' are not exempt from inclusion as gross income." To the extent that the district court relied on wife's ESOP being similar to retirement benefits as justification for excluding it from her gross income, husband argues that the district court's analysis is counter to the plain reading of Minnesota Statute 518A.29. Husband argues that the correct analysis regarding whether wife's ESOP is a periodic payment concerns "whether the contributions to wife's plan are 'marked by repeated cycles' or 'happening at regular intervals,' and not whether the distributions from the plan meet those characteristics."

Wife argues that, when read as a whole, Minnesota Statutes section 518A.29(a) describes a step-by-step process. First, the district court must determine a party's gross income, which includes deciding whether a payment is a periodic payment. After gross income is determined, the statute provides that no deductions may be made for contributions to pensions, 401(k) plans, IRAs, or other retirement benefits. Wife further argues that the statute is unambiguous in defining gross income as "any form of periodic payment to an individual." In wife's view, the prohibition on deductions applies only after gross income is calculated and does not control whether a payment is gross income in the first instance.

11

The district court concluded that the ESOP did not meet the legal definition of gross income under section 518A.29(a). The district court relied on the statutory language and caselaw defining a "periodic payment" as "any form of periodic payment to an individual," and defining "periodic" as "marked by repeated cycles or happening at regular intervals." *See Haefele*, 837 N.W.2d at 710. The district court relied on caselaw defining "payment" to mean "that a benefit must be actually received by the [party], as opposed to merely vested or owed, in order to constitute income." *Lee*, 775 N.W.2d at 638. Based on its interpretation, the district court found that the ESOP, while regularly funded by her employer, was not a payment to wife. The district court also found that, upon retirement, wife would receive ESOP distributions in one lump sum, rather than at regular intervals. Lastly, the district court found that the ESOP was "merely vested or owed to [wife]" because wife's ability to access ESOP funds was "very restricted." Given its underlying findings regarding the facts of this case, we agree with the district court's interpretation of the statute.

As is relevant to this appeal, Minnesota Statutes section 518A.29(a) can be broken into four clauses: (1) "Subject to the exclusions and deductions in this section . . ."; (2) "gross income includes any form of periodic payment to an individual . . ."; (3) "Salaries, wages, commissions, or other compensation paid by third parties shall be based upon gross income before participation in an employer-sponsored benefit plan that allows an employee to pay for a benefit or expense using pretax dollars, such as flexible spending plans and health savings accounts."; and (4) "No deductions shall be allowed for contributions to pensions, 401(k), IRA, or other retirement benefits."

The first clause—"Subject to the exclusions and deductions in this section"—modifies the determination of gross income by making it subject to the exclusions and deductions identified in section 518A.29(a)-(h).  The second clause—"gross income includes any form of periodic payment to an individual"—defines gross income as (1) any form, (2) of periodic, (3) payment, (4) to an individual.  This clause requires the district court to determine what constitutes gross income.  A "payment" generally requires that a benefit be actually received by the individual, rather than merely vested or owed, to qualify as income.  *Haefele*, 837 N.W.2d at 710 (citing *Lee*, 775 N.W.2d at 638).  A payment is "periodic" if it is "marked by repeated cycles or happening or appearing at regular intervals."  *Id.* (quotations omitted).  The third clause—"Salaries, wages, commissions, or other compensation paid by third parties shall be based upon gross income before participation in an employer-sponsored benefit plan that allows an employee to pay for a benefit or expense using pretax dollars"—addresses how the district court is to calculate the part of an individual's gross income attributable to that individual's compensation for acting as an employee of a company who provides employer-sponsored benefits using pretax dollars.  The fourth clause—"No deductions shall be allowed for contributions to pensions, 401(k), IRA, or other retirement benefits" specifies that certain deductions from employment income-related compensation that are common for other reasons (*e.g.*, income taxes) are not allowed when calculating "gross income" under chapter 518A.

Read as a whole, the statute directs the district court to first determine whether receipt of payment constitutes a periodic payment to an individual and therefore qualifies as gross income.  After gross income is determined, the statute provides that no deductions

13

may be taken from that gross income for contributions to pensions, 401(k) plans, IRAs, or other retirement benefits. Husband's interpretation of the statute would require this court to expand the scope of Minnesota Statutes section 518A.29 to include payments made by an employer to wife's ESOP as gross income. But husband's interpretation is counter to the plain reading of section 518A.29, which contemplates only payment received by *an individual* as gross income. Husband provides no authority requiring or suggesting that wife's ESOP is an "individual" under Minn. Stat. § 518A.29(a). In short, because the plain and ordinary reading of the statute supports only one reasonable interpretation, the statute is unambiguous.

We therefore conclude employer contributions to an employee's ESOP that are not distributed to the employee do not constitute gross income under Minnesota Statutes section 518A.29(a) (2024) because they are not periodic payments received by the employee. Now that we have concluded that an employer's contribution to an employee's ESOP that is not distributed to the employee does not constitute gross income under Minnesota Statutes section 518.29(a), we turn our analysis to whether the district court abused its discretion and whether there were sufficient facts in the record to conclude that wife's ESOP was not gross income.

**B.     The district court did not clearly err when it determined that wife's ESOP was not part of her gross income.**

Husband challenges the district court's determination that wife's ESOP was not gross income under section 518A.29(a). Husband argues that the district court erred by considering whether the ESOP funds were available to wife because the availability of

14

income received was irrelevant to the analysis under section 518A.29(a). Husband also asserts that the employer's ESOP contributions are "periodic payments" because the contributions themselves are "marked by repeated cycles" or "happening or appearing at regular intervals."

"A district court's determination of income for maintenance purposes is a finding of fact and is not set aside unless clearly erroneous." *Peterka*, 675 N.W.2d at 357. "Factual findings are clearly erroneous when they are 'manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole.'" *Sinda*, 949 N.W.2d at 175 (quoting *McConnell*, 710 N.W.2d at 585). When applying the clear-error standard of review, we (1) consider the evidence in the light most favorable to the district court's findings, (2) refrain from making our own factual determinations, (3) do not reweigh the evidence, and (4) do not attempt to reconcile conflicting evidence. *See In re Civil Commitment of Kenney*, 963 N.W.2d 214, 221-22 (Minn. 2021); *see also Ewald v. Nedrebo*, 999 N.W.2d 546, 552 (Minn. App. 2023) (citing *Kenney* in a family-law appeal), *rev. denied* (Minn. Feb. 28, 2024).

Husband argues that the district court's gross income analysis "focused entirely" on whether wife could access her ESOP funds. Relying on *Haefele*, husband asserts that it does not matter whether the ESOP was actually available to wife for it to be considered as gross income under section 518A.29(a). We disagree.

As an initial matter, husband's argument that the district court solely relied on wife's ability to access the ESOP is not supported by the record. The district court considered several factors to determine whether the ESOP constituted a "periodic payment." For

15

instance, the district court considered a letter provided by wife's employer detailing the nature of the ESOP. The employer explained that wife became eligible for distribution upon retirement or separation, but that the ESOP plan did not allow for monthly payments. This finding was also supported by a summary guide of the ESOP plan, which states: "Payment of your vested [ESOP] account will be made in a single lump sum payment." The district court also considered whether any benefit was "actually received by [wife], as opposed to merely vested or owed." *Haefele*, 837 N.W.2d at 710. In the above-mentioned letter, the employer explained: "The ESOP is not a liquid asset that allows for stock to be 'cashed in' at any time." The employer also noted that wife's ESOP shares were held in a trust, and although wife was eligible to diversify 25% of these shares, if wife elected to cash out her shares before she reached the age of 59.5, she would face tax implications and an early distribution penalty. After reviewing the evidence, the district court concluded that, based on the employer's letter, the ESOP did not meet the definition of gross income.

Additionally, husband's reliance on *Haefele* is misguided. *Haefele* is distinguishable because that case involves gross income as it relates to self-employment or operation of a business under Minnesota Statutes section 518A.30 (2012), and here wife is not relying on section 581A.30 because she is not self-employed, rather, she is relying on gross income under Minnesota Statutes section 518A.29(a). 837 N.W.2d at 710-11.

Husband also asserts that the ESOP was gross income because the employer's regular contributions to the ESOP were "marked by repeated cycles" or "happening or appearing at regular intervals." This is an incorrect reading of the statute.

16

Section 518A.29(a) states that "gross income includes any form of periodic payment to *an individual*." Minn. Stat. § 518A.29(a) (emphasis added). Here, while wife's employer regularly funds her ESOP, those payments are held in a trust. The ESOP contributions are not a payment to wife. Additionally, husband's reliance on the frequency of the employer's contributions ignores the fact that "a benefit must be actually received by [wife]" to constitute gross income. *Haefele*, 837 N.W.2d at 710. While the employer regularly funds the ESOP, wife does not actually receive the benefit of the ESOP until she becomes eligible for distribution upon retirement or separation from the company. Until then, wife is merely owed the ESOP contribution.

The district court did not err because the record contains sufficient evidentiary support for its finding that contributions to wife's ESOP were not made at regular intervals and, therefore, are not periodic payments for purposes of calculating gross income.

## II. The district court did not abuse its discretion in its interpretation of the scope of remand when it did not reconsider husband's request to modify spousal maintenance.

Husband next argues that the district court misinterpreted the scope of remand by failing to reconsider his request to modify his spousal-maintenance obligation in light of wife's increased earnings.[3] We are not persuaded.

---

[3] Relatedly, husband argues that the district court abused its discretion by "completely fail[ing] to consider whether [wife's] ESOP is a financial resource." Husband argues that when determining whether a party needs spousal support and the subsequent amount of spousal support, the court must look at the eight factors articulated in the statute, including "the financial resources of the party seeking maintenance" pursuant to Minnesota Statute 518.552 subdivision 2(a). This argument was not presented to the district court and was not raised in *Nordahl II*, 2024 WL 3565645, at *3. For the first time on appeal, husband asserted that this matter should be reversed and remanded for additional findings on

17

"On remand, a district court must execute an appellate court's mandate strictly according to its terms and lacks power to alter, amend, or modify that mandate." *State by Smart Growth Minneapolis v. City of Minneapolis*, 7 N.W.3d 418, 428 (Minn. App. 2024) (quotations omitted), *rev. denied* (Minn. Aug. 20, 2024). But "[w]hen the [district] court receives no specific directions as to how it should proceed in fulfilling the remanding court's order, the [district] court has discretion . . . to proceed in any manner not inconsistent with the remand order." *Duffey v. Duffey*, 432 N.W.2d 473, 476 (Minn. App. 1988). "Appellate courts review a district court's compliance with remand instructions under the deferential abuse of discretion standard." *Janssen v. Best & Flanagan, LLP*, 704 N.W.2d 759, 763 (Minn. 2005).

In February 2023, the district court filed an order addressing husband's request to stop the cost-of-living adjustments and to modify spousal maintenance. As it relates to spousal maintenance, the district court denied husband's motion, concluding that husband failed to demonstrate a substantial change in circumstances that would render the spousal-maintenance award as unfair or unreasonable. The district court also concluded that wife's ESOP was not a "liquid asset" and would not be used to calculate her annual gross income." Husband appealed, arguing that the district court abused its discretion by denying his motion to modify spousal maintenance because wife no longer needed the financial

---

whether the ESOP constitutes a financial resource pursuant to Minnesota Statute 518.552 subdivision 2(a). We did not address that argument in *Nordahl II*, and we decline to address it here. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)).

support.  Husband also asserted that the district court overlooked several relevant factors when calculating wife's gross income, including her ESOP.

In *Nordahl II*, we determined that the district court failed to cite a statutory or jurisprudential basis for determining that the ESOP must be excluded from wife's gross income calculation because it was "not a liquid asset."  2024 WL 3565645, at *5.  We reasoned that the district court should have made findings about whether the ESOP was a periodic payment to wife.  *Id.* at *6.  Thus, on remand, we instructed "the district court to determine whether the ESOP meets the legal definition of gross income and, *if necessary*, to reconsider its resolution of [husband's] motion to modify spousal maintenance in light of that determination."  *Id.* at *6 (emphasis added).

In its post-remand order clarifying gross income, the district court determined that the ESOP was not a form of periodic payment to wife and therefore did not constitute gross income.  Because wife's gross income did not change, the district court concluded that an adjustment to its spousal-maintenance determination was not warranted.

Husband asserts that the district court neglected to reconsider a modification of spousal maintenance.  But reconsideration was necessary only if the district court determined that the ESOP met the legal definition of gross income, effectively changing the district court's prior order modifying spousal maintenance.  Because the district court's gross-income determination remained the same, and because we are affirming that ruling, the district court was not required to revisit whether husband's spousal-maintenance obligation should be modified.

Accordingly, because the district court's post-remand order complied with this court's remand instructions, we discern no abuse of discretion.[4]

**DECISION**

Because Minnesota Statutes section 518A.29(a) requires the district court to first determine gross income—defined as a periodic payment to an individual—and only after gross income is determined provides that no deductions may be taken from that amount for contributions to pensions, 401(k) plans, IRAs, or other retirement benefits, the district court did not abuse its discretion in concluding that wife's ESOP was not gross income. The district court's determination is supported by the record and reflects a correct application of the law. In addition, the district court's application of our remand instruction in *Nordahl II* was not an abuse of discretion.

**Affirmed.**

---

[4] On cross-appeal, wife argues that if this court modifies husband's spousal-maintenance obligation, we must remand the issue of need-based attorney fees, because a potential decrease in spousal maintenance could impact her ability to pay. Wife's cross-appeal rests on the premise that the district court was required to revisit the issue of spousal support on remand. Because we discern no abuse of discretion by the district court as to the scope of remand, and affirm, we need not address this argument by wife.